ANSCHUTZ *v.* LIQUOR CONTROL COMMISSION.

1. PRINCIPAL AND AGENT—RESTAURANT—AUTHORITY OF OWNER'S WIFE—HIRING TEMPORARY WAITRESS.

   Procuring a waitress to work for a single day in order to conduct restaurant business properly *held*, within scope of authority of restaurant owner's wife who carried on the business during his illness.

2. SAME—IMPLIED AUTHORITY.

   Authority to employ assistance may be implied from attending circumstances.

3. MASTER AND SERVANT—RESTAURANT—TEMPORARY WAITRESS—ILLEGAL SERVICE OF INTOXICATING LIQUOR.

   Waitress, 19 years of age, who was hired by restaurant owner's wife and served beer to minors in violation of wife's specific instructions as to serving beer at all was nevertheless owner's employee while furthering his interests, the commission of such illegal act not altering her status as employee.

4. INTOXICATING LIQUORS—SERVANT'S DISOBEDIENCE OF INSTRUCTIONS—LIABILITY OF LICENSEE.

   The licensee to sell intoxicating drinks is responsible for the acts of his servants even though in the particular transaction they disobeyed his instruction, were negligent in conducting his business and, while not liable for wrongs which the servant may step aside from his employment to commit, he is fully responsible for the manner in which his business is conducted and has the risk of his instructions being disobeyed.

5. SAME—LIABILITY OF TAVERNKEEPER FOR VIOLATION OF LAW.

   The statutory liability of the proprietor of a tavern or bar is

REFERENCES FOR POINTS IN HEADNOTES

[3, 4] 30 Am Jur, Intoxicating Liquors §§ 301, 305.
       35 Am Jur, Master and Servant § 603.
[3–5] 35 Am Jur, Master and Servant § 604.
[3, 4, 7] 30 Am Jur, Intoxicating Liquors § 473.
[4] 35 Am Jur, Master and Servant § 601.

one which he undertakes at his peril, it being his duty to see to it that neither he nor his employees violate the law in the sale of intoxicating liquors, irrespective of the instructions which he may have given them (CL 1948, §§ 436.33, 436.44).

6. SAME—SUSPENSION OF LICENSE—VIOLATION OF STATUTE OR RULE.
   Authority is expressly conferred by statute upon the liquor control commission to revoke or suspend a liquor license and assess penalties up to $300 because of a violation of the statute or of the rules and regulations of the commission (CL 1948, § 436.20).

7. SAME—SERVICE OF BEER TO MINORS—SUSPENSION OF LICENSE— IMPOSITION OF PENALTY.
   Suspension of license to sell beer for 7 days and imposition of penalty of $150, for nonpayment of which license should be suspended for an additional period of 30 days, was correctly found by trial court to have been properly imposed upon licensee, where evidence clearly shows beer was served to minors in his place of business, notwithstanding 19-year-old waitress was acting contrary to instructions in serving beer at all (CL 1948, §§ 436.7, 436.20, 436.33, 436.44).

Appeal from Gratiot; Davis (Morris K.), J., presiding. Submitted October 4, 1955. (Docket No. 3, Calendar No. 46,203.) Decided December 1, 1955.

Certiorari by Frank Anschutz against Michigan Liquor Control Commission to review suspension and fine for illegal sale of beer to minors. Judgment affirming proceedings and order of Commission and dismissing writ. Plaintiff appeals. Affirmed.

*Curry & Curry* and *Peter F. Cicinelli,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'-Hara* and *James J. Rossie,* Assistants Attorney General, for defendant.

CARR, C. J. Plaintiff herein has for a number of years past operated a restaurant in the village of Breckenridge, Gratiot county. At the time of the occurrence from which this case has resulted he possessed a license issued by defendant under the provisions of the Michigan liquor control act* authorizing him to serve beer to his customers. It is undisputed that on the 28th of January, 1951, a waitress in the restaurant served beer to minors. Complaint charging a violation of the regulations of the defendant commission was made, resulting in a hearing and an order by the commission suspending plaintiff's license for a period of 7 days and imposing on him a fine of $150. It was further provided that in the event the fine was not paid the license should be suspended for an additional 30-day period. Thereupon plaintiff appealed to the circuit court of Gratiot county, by which the order of the commission was affirmed. On appeal to this Court it is his claim that the proofs introduced on the hearing before the board of examiners of the defendant establishes that he was not responsible for the act of the waitress in question, and that the commission was in error in suspending his license and imposing a fine.

Many of the facts involved in the controversy are not in dispute. On the 28th of January, 1951, plaintiff, because of illness, was not at the restaurant. During his absence his wife was in charge of the business, carrying it on with the aid of employees. It appears that Mrs. Anschutz worked in the establishment and that she owned the building and the land on which it was located. On January 27, 1951, she made arrangements for the services as a waitress for that night of a young woman 19 years of

---

* PA 1933 (Ex Sess), No 8, as amended (CL 1948, § 436.1 *et seq.,* as amended [Stat Ann and Stat Ann 1949 Cum Supp § 18.971 *et seq.*]).

age, to whom she gave instructions with reference to her duties. According to the testimony of Mrs. Anschutz on the hearing, the young woman in question was directed to wash dishes, make sandwiches, and help at the soft drink fountain, no express authority being given with reference to serving beer to customers.

Mrs. Anschutz did not remain at the restaurant during the evening and night. It was her claim on the hearing that she gave directions to 1 of the waitresses who was on duty to the effect that the newly-engaged waitress should not wait on customers requesting beer. If such directions contemplated specific instructions with reference to the matter they were not obeyed. During the early hours of January 28th 5 young men, 3 of them being minors, came into the restaurant and 1 of them asked the waitress engaged by Mrs. Anschutz to furnish them beer. According to her testimony, the waitress made some effort to find out if the young men were past 21 but finally complied with the request. It is a matter of inference that she realized at the time that beer could not be sold or furnished to minors. She testified on the hearing that Mrs. Anschutz told her not to serve beer. In explaining her action she stated that the other waitresses were busy at the time. A deputy sheriff of the county happened to enter the restaurant, noticed the young men with beer before them on the table, and informed 1 of the regular waitresses that an illegal service to minors was being made. The occurrence was called to the attention of the defendant commission, and complaint and hearing followed.

According to the testimony of Mrs. Anschutz she was not expressly authorized by her husband to hire employees in the restaurant business. Neither does it appear that she was forbidden to do so. According to her testimony on the hearing she did not

advise her husband with reference to her desire to engage a waitress to help out temporarily. She testified, in substance, that while she discussed with plaintiff other matters pertaining to the business she did not, because of his illness, mention the matter in question. It is apparent that she thought at the time that she had authority to engage temporary help, the necessity for which, the record indicates, was due to the fact that 1 of the regular waitresses was not on duty.

Under the record before us, appellant's claim that Mrs. Anschutz had no authority to engage the waitress who served the beer, and that he may not be charged with the consequences of the violation on the ground that the act was committed by his agent or employee, is not tenable. The situation is fairly characterized by the testimony of Mrs. Anschutz on the hearing. In answer to questions by the examiner, she testified as follows:

"*Examiner Daniels*: At the time of your husband's illness did you and your husband have an understanding that you were to continue the operations of this bar and restaurant of yours until he was again able to operate it?

"*A.* To the best of my knowledge.

"*Examiner Daniels*: To the best of your knowledge, that was your thought in the matter. That was part of your duties seeing he was unable to do so?

"*A.* Yes."

Commenting on this testimony, the trial judge, in sustaining the order of the commission, concluded that there was sufficient basis for the action taken. We are in accord with such conclusion.

Plaintiff cites and relies on *Weller v. Speet*, 275 Mich 655. The factual situation there involved was materially different from that in the case at bar. Defendant Speet was operating a dairy. His wife

had no connection with the business except that on occasions she received calls by telephone for the delivery of milk and communicated them to defendant or his regular employees. No claim was made that she was in charge of the business, temporarily or otherwise, or that she had authority to determine what should be done in any particular instance. It was held accordingly that her action in procuring a young man to make delivery of milk requested by a customer was not binding on the defendant, and that the latter was not responsible for the negligence of the party acting at Mrs. Speet's request. In the instant case plaintiff in effect placed Mrs. Anschutz in charge of the business while he was incapacitated, and in consequence she had implied authority to deal with ordinary matters arising in the course of the operation. Procuring a waitress to work for a single day in order to properly conduct said business was clearly within the scope of her authority. See *Kerns* v. *Lewis*, 249 Mich 27. Authority to employ assistance may be implied from attending circumstances. *Friedman* v. *Huck's Transfer, Inc.*, 329 Mass 362 (108 NE2d 680).

Plaintiff further claims that the waitress who committed the violation was acting in disregard of specific instructions given her by Mrs. Anschutz, and therefore outside the scope of her employment. It is accordingly urged that plaintiff should not be held responsible for her acts. However, said waitress was hired to work in the restaurant. She evidently considered that she was furthering the interests of her employer at the time she served the beer. Assuming that she violated instructions given to her by Mrs. Anschutz, her act was nonetheless committed in the course of her employment. On this record it may not be said that the commission of an illegal act altered her status. She was, while so engaged, plaintiff's employee.

In *Kreiter* v. *Nichols,* 28 Mich 496, action was brought against the defendant to recover damages because of alleged injuries resulting from the conduct of defendant's employees in furnishing liquor to plaintiff's husband. It was the claim of defendant that he had instructed his employees to refuse to sell or furnish drinks to Nichols. In commenting on the defense raised, it was said (p 498):

"The proposition that one engaged in the sale of intoxicating drinks shall be held responsible for the acts of his servants in that business, even though in the particular transaction they disobeyed his instructions, is in strict accord with the general rules governing the relation of master and servant, and was correctly applied in the present case. No man can be excused from responding for the negligent conduct of his servant because of having instructed him to be careful, or for his frauds because of having told him to be honest. While he is not liable for wrongs which the servant may step aside from his employment to commit, he is fully responsible for the manner in which his business is conducted, and if he gives proper directions he must take upon himself the risk of their being obeyed."

Likewise in *Gullikson* v. *Gjorud,* 82 Mich 503, plaintiff sued for damages because of the act of defendant's employee in furnishing intoxicating liquor to her husband on Sunday, the consumption of such liquor resulting in intoxication and death. Defendant claimed that he had instructed his bartender not to open the saloon on Sunday. The instruction was disobeyed and the liquor was furnished in violation of the statute. After stating the facts, it was said (p 505):

"Under these circumstances it is no defense that he instructed his bartender not to open the saloon. The sale of intoxicating liquors was a part of the defendant's regular business. His bartender was

his agent, entrusted with the care of the business, and defendant is responsible for all sales made by him. The statute creates a liability against saloon-keepers, and they cannot avoid this liability by instructions given to those they place in charge of such business. The only way they can avoid it is by taking care that they themselves and their agents observe the law. *Kreiter* v. *Nichols,* 28 Mich 496."

It is a fair inference that the court considered that the instruction to the employee did not relieve defendant from responsibility for the illegal act on the ground that such employee placed himself outside the scope of his employment when he violated it. A like conclusion follows in the case at bar. The principle recognized in the foregoing decisions was approved in *People* v. *Anschutz,* 335 Mich 375, 380, where it was said:

"It is true that in this State the proprietor of a tavern or bar operates the same at his peril, and must see to it that his employees do not violate the law, irrespective of the instructions which he may have given them."

The furnishing of liquor to minors was, under the facts of this case, a clear violation of the statute (CL 1948, § 436.33 [Stat Ann 1953 Cum Supp § 18.1004]).* The liquor control act, above cited, further makes any person engaged in the business of selling alcoholic liquor responsible for the acts of his agent or employee (CL 1948, § 436.44 [Stat Ann § 18.1015]). Authority to revoke or suspend a license because of a violation of the provisions of the statute or of the rules and regulations of the commission is expressly conferred by CL 1948, § 436.20 (Stat Ann 1949 Cum Supp § 18.991). Authority to assess a penalty of not more than $300 in addition to, or in lieu of, revocation or suspension of license

---

\* Amended by PA 1955, No 80.

is likewise expressly granted. In the instant case the complaint filed against plaintiff, on which the hearing was had, charged that the furnishing of alcoholic liquor to minors violated the regulations of the defendant commission. It may be noted in this connection that CL 1948, § 436.7 (Stat Ann 1953 Cum Supp § 18.977), authorizes the adoption of rules and regulations relative to the duties and responsibilities of licensees in the conduct and management of their places of business covered by licenses issued to them. It is conceded that pursuant to such authority the defendant commission adopted the regulation that plaintiff was charged with having violated.

In view of the facts in the case and the provisions of the Michigan liquor control act, we conclude that the trial court was correct in upholding the action of the commission. The judgment is therefore affirmed, with costs to defendant.

Butzel, Smith, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.