RONNA HOPE SERLIN, INC., *v.* LIQUOR CONTROL
COMMISSION.

1. Intoxicating Liquors — Suspension of License — Fining of
   Licensee by Liquor Control Commission—Certiorari.
   The right of review of the action of the liquor control commis-
   sion in suspending the license of a licensee and fining it is
   limited by statute to certiorari (CLS 1952, § 436.20).

2. Certiorari—Scope of Review.
   There is review of questions of law only on writ of certiorari.

3. Same—Appellate Court—Evidence.
   An appellate court examines the evidence on certiorari not to
   determine whether the probabilities preponderate one way or
   the other but simply to determine whether the evidence is such
   that it will justify the finding of facts made as a legitimate in-
   ference from the facts proved.

4. Intoxicating Liquors—Liability of Licensee—Instructions to
   Employees—Violation of Law.
   The statutory liability of the licensee under the liquor law is
   one which he undertakes at his peril and it is his duty to see
   to it that his employees do not violate the law as he is held
   responsible for such violations on the premises even though
   the employees disobeyed instructions which the licensee had
   given them.

5. Same—Suspension of License—Accosting and Soliciting to
   Commit an Immoral Act.
   Evidence presented on certiorari *held,* sufficient to justify the
   liquor control commission in finding that woman's act of ac-
   costing and soliciting to commit an immoral act took place on
   licensee's premises and warranted the commission's action in
   suspending license for 7 days and fining licensee $150.

References for Points in Headnotes
[1] 30 Am Jur, Intoxicating Liquors § 149.
[2] 10 Am Jur, Certiorari § 13.
[3] 10 Am Jur, Certiorari § 19.
[4] 30 Am Jur, Intoxicating Liquors § 473.
[5] 30 Am Jur, Intoxicating Liquors § 146.

Appeal from Wayne; Edwards (George), J. Submitted October 10, 1956. (Docket No. 72, Calendar No. 46,760.) Decided December 6, 1956.

Certiorari by Ronna Hope Serlin, Inc., a Michigan corporation, against Liquor Control Commission and its members to review suspension of license and fine for permitting illegal solicitation on premises. Order entered affirming proceedings and dismissing writ. Plaintiff appeals. Affirmed.

*William J. Weinstein,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *James J. Rossie,* Assistants Attorney General, for defendants.

KELLY, J. Defendant Michigan State liquor control commission found plaintiff and appellant guilty of allowing in or upon its licensed premises accosting and soliciting for immoral purposes by one Katherine Miller. The commission suspended appellant's license for 7 days and imposed a fine of $150, with the further provision that the license should be suspended for an additional 30 days in the event the fine was not paid.

The circuit court of Wayne county disposed of an appeal in the nature of certiorari, as follows: "The finding and penalty, being based upon competent evidence, the circuit court on appeal will not disturb it."

Two witnesses testified at the hearing held before defendant commission, namely, Patrolman Joseph Buynak, of the Detroit police department, and Richard Serlin, officer and manager of appellant's hotel and bar.

Mr. Serlin was not present when the alleged violation occurred and his testimony was confined to the fact that all appellant's employees were instructed not to allow any questionable characters in the establishment and that the bartender who was on duty on February 20, 1954 (the date of the alleged violation), was immediately discharged by the corporation upon being informed of said violation.

The accuracy or truthfulness of Patrolman Buynak's testimony is not challenged by appellant. The above-mentioned Katherine Miller was arraigned on the same day of the alleged offense and pleaded guilty in the recorder's court for the city of Detroit.

Appellant states: "The question here is—did the accosting and soliciting take place on the licensed premises." Patrolman Buynak testified that about 1:50 a.m. on February 20, 1954, he was walking in front of appellant's establishment and a woman, who he later identified as Katherine Miller, was walking in the same direction; that she started a conversation with him and invited him into the bar; that when he entered Miss Miller was seated at the bar and he took a seat beside her; that Miss Miller offered to commit an immoral act with him for $20 and $4 for a room; that Miss Miller talked to the bartender, calling him by the name "Bob", and asked the bartender about a room in the hotel; that he immediately, while in the establishment, placed Miss Miller under arrest; that he then asked the bartender if he knew Miss Miller and he answered that he did and when he asked the bartender whether he knew she was a prostitute, he answered: "Most of the girls who hang out in here are prostitutes."

The right of review of the action of the liquor control commission is limited to certiorari by statute*

* See CLS 1952, § 436.20 (Stat Ann 1953 Cum Supp § 18.991).— REPORTER.

and on certiorari there is review of questions of law only. *Fox* v. *Liquor Control Commission,* 319 Mich 347.

An appellate court examines the evidence on certiorari not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved. *Erlandson* v. *Genesee County Employees' Retirement Commission,* 337 Mich 195.

The statutory liability of the licensee is one which he undertakes at his peril and it is his duty to see to it that his employees do not violate the law and if they do the licensee is held responsible even though the employee disobeyed instructions which the licensee had given to said employee. *Anschutz* v. *Liquor Control Commission,* 343 Mich 630.

We cannot agree with appellant's contention that no accosting and soliciting occurred in or upon appellant's premises because the officer testified: "She asked me to come in the bar to see what kind of money I had." There was sufficient evidence upon which the liquor control commission legally made the finding and assessed the penalty, and the order of the circuit court is affirmed.

DETHMERS, C. J., and SHARPE, SMITH, CARR, and BLACK, JJ., concurred.

EDWARDS and BOYLES, JJ., did not sit.