KOTMAR, LTD v LIQUOR CONTROL COMMISSION

Docket No. 160062. Submitted November 8, 1994, at Detroit. Decided December 5, 1994, at 9:20 A.M.

Kotmar, Ltd., a liquor licensee, was found by the Liquor Control Commission to have violated 1979 AC, R 436.1411(1), which prohibits on-premise licensees like Kotmar from allowing in or upon the licensed premises a person who performs, or simulates performance of, sexual intercourse, masturbation, sodomy, bestiality, fellatio, or cunnilingus, after a partially nude female employee in Kotmar's bar performed dances for an undercover commission investigator. The Wayne Circuit Court, Michael J. Callahan, J., affirmed. Kotmar appealed.

The Court of Appeals *held:*

1. Substantial evidence supported the finding that the dances included simulations of one or more of the sexual acts listed in Rule 436.1411(1). Kotmar cannot avoid liability for the violation with the claim that it had instructed its employees not to touch patrons and that it was not aware that its employee was violating the rule.

2. Rule 436.1411(1) does not violate the rights provided by the First Amendment, US Const, Am I. The broad powers conferred on states by the Twenty-first Amendment, US Const, Am XXI, to regulate the sale of liquor outweigh any supposed First Amendment freedom of expression involved in nude dancing in barrooms.

3. Rule 436.1411(1) does not violate Const 1963, art 1, § 5, which guarantees free speech, in light of the broad powers conferred on the Liquor Control Commission by Const 1963, art 4, § 40 to control the sale and manufacture of liquor in the state. Such power includes the authority to define the conditions under which liquor may be sold, including a limitation of expressive conduct in a licensed establishment that might otherwise be allowed under Const 1963, art 1, § 5.

4. Rule 436.1411(1) is not void for vagueness in the absence of a showing that it is overbroad and impinges on First Amendment freedoms, that it does not provide fair notice of the conduct proscribed, or that it is so indefinite as to confer

unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed.

    Affirmed.

*Robert Horvath,* for Kotmar, Ltd.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for Liquor Control Commission.

Before: REILLY, P.J., and R. B. BURNS* and C. L. HORN,** JJ.

REILLY, P.J. Kotmar, Ltd., licensed by the Liquor Control Commission (LCC) to operate the bar "Tycoons," was found to be in violation of 1979 AC, R 436.1411(1), prohibiting simulated sexual conduct in licensed premises, and was fined $300. The appeal board upheld the ruling. Kotmar appeals as of right the circuit court order affirming the ruling of the LCC appeal board and rejecting the constitutional challenge to the rule. We affirm.

Kotmar was operating under a Class C liquor license, authorizing it to sell alcoholic liquor for consumption on its premises, and an entertainment permit authorizing the presentation of entertainment, including topless dancing, at its premises on East Eight Mile Road in Detroit. On October 23, 1990, LCC investigators visited the bar. Investigator David Mazurek was offered and purchased two $5 "lap dances" from a topless female employee known as "Monique," who, according to the complaint filed against Kotmar, simulated fellatio, intercourse, and sodomy during the lap dances she performed for Mazurek. Following a

---

  * Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

  ** Circuit judge, sitting on the Court of Appeals by assignment.

hearing before an LCC commissioner, held pursuant to MCL 436.20; MSA 18.991, Kotmar was found in violation of Rule 436.1411(1), which provides:

> An on-premise licensee shall not allow in or upon the licensed premises a person who performs, or simulates performance of, sexual intercourse, masturbation, sodomy, bestiality, fellatio, or cunnilingus.

I

Kotmar contends that there was not substantial evidence to uphold the commissioner's determination. A decision of the LCC, a state agency, must be supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28. Although "substantial evidence" must be more than a mere scintilla of evidence, it may be substantially less than the preponderance of the evidence necessary for many civil cases. *Russo v Dep't of Licensing & Regulation,* 119 Mich App 624, 631; 326 NW2d 583 (1982). "Substantial" means evidence that a reasoning mind would accept as sufficient to support a conclusion. *Tompkins v Dep't of Social Services,* 97 Mich App 218, 222; 293 NW2d 771 (1980). Great deference is given to the findings of an administrative hearing officer sitting as the trier of fact. *Id.; Kelly v Liquor Control Comm,* 131 Mich App 600, 602; 345 NW2d 697 (1983). It is not the court's function to resolve conflicts in the evidence or to access the credibility of the witnesses. *Black v Dep't of Social Services,* 195 Mich App 27, 30; 489 NW2d 493 (1992). Where there is sufficient evidence, the reviewing court must not substitute its discretion for that of the administrative tribunal even if the

court might have reached a different result in its place. *Id.*

Mazurek testified that there was a small card on the table where he was sitting that stated "Table Dances $5.00." Monique, who was topless, approached him and asked if he would like a table dance, and he responded "Yes." Monique stood between his legs, facing him, then knelt down with her face a fraction of an inch above his groin, and moved her head up and down, simulating fellatio. At that time she did not touch his groin. She then asked him to lie back in his chair. She was between his legs and placed her hands over each side of the chair so that she was leaning on top of him. There was total contact between her body and his. She pushed her groin against his, then slid forward so that her breasts were touching his face and lips. Monique then turned around, her buttocks facing him, bent over at the waist, and pushed her groin area and her buttocks forcefully into his groin area. The total length of the performance was three to four minutes. He paid Monique $5. A few minutes later she returned, repeated the first performance, and was again paid $5 by Mazurek. Mazurek observed other table performances taking place in the same area where alcoholic beverages were being served and consumed.

"Monique" admitted that she engaged in the various gyrations and movements described by Mazurek as suggesting sodomy. She also admitted that she engaged in acts simulating fellatio, but she did so as a funny gesture, not to be taken seriously. She denied touching Mazurek. Although she was told to leave the premises after the incident was reported to the management, she returned to work the next day and continued work-

ing as usual. A managing officer of Kotmar testified that Kotmar paid its topless female employees the minimum wage, which is supplemented by table dancing for patrons for $5 and tips. According to the witness, the dancers were told not to touch the patrons.

We are convinced that the record provides substantial evidence to support the hearing commissioner's finding that Kotmar violated Rule 436.1411(1). The testimony, although controverted, showed that the lap dancing involved simulated sexual acts in violation of the rule.

Moreover, the instruction to the employees to refrain from touching the patrons and the alleged lack of awareness of the conduct did not avoid the violation. The statutory liability of the licensee is one undertaken at the licensee's peril, and it is the duty of the licensee to see that the employees do not violate the law. *Ronna Hope Serlin, Inc v Liquor Control Comm,* 347 Mich 268, 271; 79 NW2d 489 (1956). If the employees do so, the licensee is held responsible even though the employee disobeyed the licensee's instructions. *Id.; Anschutz v Liquor Control Comm,* 343 Mich 630; 73 NW2d 533 (1955). Actual knowledge of the employee's conduct is not necessary to establish a violation. By failing to exercise reasonable diligence in supervising its employees, Kotmar "allowed" the violation to occur. See *Town & Country Lanes, Inc v Liquor Control Comm,* 179 Mich App 649, 657-658; 446 NW2d 335 (1989).

II

Kotmar also contends that sexually oriented dancing is a form of expression entitled to protec-

tion under the First Amendment[1] and Const 1963, art 1, § 5.[2] Further, Kotmar argues that the Twenty-first Amendment,[3] which allows states to regulate traffic in alcoholic beverages, may not be applied in a manner that interferes with the right of freedom of expression under the First Amendment. We recognize that various forms of dancing, even nude dancing, may be protected by the First Amendment from official regulation. *Schad v Borough of Mount Ephraim*, 452 US 61, 66; 101 S Ct 2176; 68 L Ed 2d 671 (1981); *Doran v Salem Inn, Inc*, 422 US 922, 932; 95 S Ct 2561; 45 L Ed 2d 648 (1975). However, we reject Kotmar's argument when applied to the circumstances of this case where the regulations are restricted to the premises licensed by the state agency authorized to control the sale of alcoholic beverages.[4]

In *California v LaRue*, 409 US 109; 93 S Ct 390; 34 L Ed 2d 342 (1972), the Supreme Court rejected challenges under the First and Fourteenth Amendments to similar regulations prohibiting actual or simulated acts of "sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by

---

[1] The First Amendment provides: "Congress shall make no law . . . abridging the freedom of speech . . . ." [US Const, Am I.]

[2] Const 1963, art 1, § 5 provides:

Every person may freely speak, write, express and publish his views on all subjects, being responsible for the abuse of such right; and no law shall be enacted to restrain or abridge the liberty of speech or of the press.

[3] The Twenty-first Amendment provides in pertinent part:

The transportation or importation into any State . . . for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited. [US Const, Am XXI.]

[4] The LCC is authorized under Const 1963, art 4, § 40 to exercise complete control of the alcoholic beverage traffic within this state, subject to statutory limitations.

law" on premises licensed to sell alcoholic beverages.

The state regulations here challenged come to us, not in the context of censoring a dramatic performance in a theater, but rather in a context of licensing bars and nightclubs to sell liquor by the drink.

\* \* \*

While the States, vested as they are with general police power, require no specific grant of authority in the Federal Constitution to legislate with respect to matters traditionally within the scope of the police power, the broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare, and morals.

\* \* \*

The substance of the regulations . . . prohibits licensed bars or nightclubs from displaying, either in the form of movies or live entertainment, "performances" that partake more of gross sexuality than of communication. While we agree that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in establishments that it licenses to sell liquor by the drink.

. . . This is not to say that all such conduct and performance are without the protection of the First and Fourteenth Amendments. But we would poorly serve both the interests for which the State may validly seek vindication and the interests protected by the First and Fourteenth Amendments were we to insist that the sort of bacchanalian revelries that the Department sought to prevent by these liquor regulations were the constitutional equivalent of a performance by a scantily clad ballet troupe in a theater.

The Department's conclusion, embodied in these regulations, that certain sexual performances and the dispensation of liquor by the drink ought not to occur at premises that have licenses was not an irrational one. Given the added presumption in favor of the validity of the state regulation in this area that the Twenty-first Amendment requires, we cannot hold that the regulations on their face violate the Federal Constitution. [*Id.* at 114, 118-119.]

The holding in *LaRue* that the broad powers of the states to regulate the sale of liquor, conferred by the Twenty-first Amendment, outweighed any First Amendment interest in the customary "barroom" type of nude dancing was reaffirmed by the Supreme Court in *Doran, supra* at 932-933, and *New York State Liquor Authority v Bellanca,* 452 US 714; 101 S Ct 2599; 69 L Ed 2d 357 (1981). In *Bellanca,* the Court upheld a ban on topless dancing in licensed establishments even though the prohibited state of undress did not involve the "gross sexuality" regulated in *LaRue:*

Whatever artistic or communicative value may attach to topless dancing is overcome by the State's exercise of its broad powers arising under the Twenty-first Amendment. Although some may quarrel with the wisdom of such legislation and may consider topless dancing a harmless diversion, the Twenty-first Amendment makes that a policy judgment for the state legislature, not the courts. [*Id.* at 718.]

Accordingly, we find no basis for the Kotmar's claim that unless the proscribed conduct is obscene, it is protected by the First Amendment and cannot be regulated in an establishment licensed by the LCC.

Moreover, we are not persuaded by Kotmar's

contention that the Michigan Constitution offers greater protection to expressive conduct than the First Amendment and, therefore, precludes any regulation of dancing that simulates sexual acts, even in establishments subject to regulation by the LCC. Const 1963, art 1, § 5 states that "[e]very person may freely speak, write, express and publish his views on all subjects, being responsible for the abuse of such right; and no law shall be enacted to restrain or abridge the liberty of speech or of the press." In some instances, that constitutional provision may confer broader protection upon certain types of expression, but the right to freedom of expression is not unlimited. *People v Neumayer,* 405 Mich 341, 364; 275 NW2d 230 (1979). However, Const 1963, art 4, § 40 authorizes the LCC to "exercise complete control of the alcoholic beverage traffic within this state." It also allows a county, by a majority vote of the electors, to prohibit the manufacture or sale of alcoholic beverages in their county. We conclude that this broad power to control the manufacture and sale of liquor includes the authority to define the conditions under which liquor may be sold, including a limitation of expressive conduct in a licensed establishment that might otherwise be allowed under Const 1963, art 1, § 5. Kotmar has offered no authority, and we are not aware of any, that holds that the right in Michigan to express oneself on any subject supersedes the constitutional authority granted to the LCC to completely regulate the distribution of alcoholic beverages in Michigan. Cf. *Harris v Entertainment Sys, Inc,* 259 Ga 701; 386 SE2d 140 (1989), and *Mickens v City of Kodiak,* 640 P2d 818 (Alas, 1982). (Neither Georgia nor Alaska had a constitutional equivalent to the Twenty-first Amendment.) See *Knudtson v City of Coates,* 519 NW2d 166 (Minn, 1994) (city ban on

nude dancing in licensed liquor establishments upheld even though state constitution did not have provision comparable to Twenty-first Amendment). Just as the Twenty-first Amendment takes precedence over the First Amendment in the limited area of controlling the traffic in alcoholic beverages, Const 1963, art 4, § 40 takes precedence over Const 1963, art 1, § 5 in the same limited context.

## III

Finally we reject Kotmar's argument that Rule 436.1411(1) is void for vagueness. In order to find a law unconstitutionally vague, there must be a showing that (1) it is overbroad, impinging on First Amendment freedoms; (2) it does not provide fair notice of the conduct proscribed; or (3) it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed. *Town & Country Lanes, Inc, supra* at 658.

As explained above, Rule 436.1411(1) does not impermissibly impinge on Kotmar's right of freedom of expression under either the United States or Michigan Constitutions. It provides fair notice of the prohibited conduct because the meaning of the words used to describe the conduct can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, and the words themselves when they possess a common and generally accepted meaning. *People v McCumby,* 130 Mich App 710, 713-715; 344 NW2d 338 (1983). Kotmar complains that the word "simulate" is vague, but the testimony showed that Kotmar's operating partner understood the meaning of "simulate" because he instructed his managers to tell the dancers that they were not to do anything that looked like they were having sex.

The third basis for a finding of vagueness, the vesting of unstructured discretion and resultant arbitrary and discriminatory enforcement of the law, cannot be found unless the wording of the rule is itself vague. *Allison v City of Southfield,* 172 Mich App 592, 596; 432 NW2d 369 (1988). Kotmar's arguments that the rule is void for vagueness are unpersuasive. See *Dodger's Bar & Grill, Inc v Johnson Co Bd of Comm'rs,* 32 F3d 1436, 1444-1445 (CA 10, 1994).

Affirmed.