# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

JENNIE NASS,

       Petitioner-Appellant,

v

TOWNSHIP OF SAUGATUCK,

       Respondent-Appellee.

UNPUBLISHED
February 24, 2015

No. 318437
Michigan Tax Tribunal
LC No. 00-449475

Before: SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Petitioner appeals as of right the order of the Michigan Tax Tribunal (MTT) which affirmed respondent-township's denial of a principal residence exemption (PRE) on the subject property during the tax years 2009, 2010, 2011, and 2012. Because the MTT's decision was not supported by competent, material, and substantial evidence, we reverse.

"This Court's ability to review decisions of the Tax Tribunal is very limited." *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 630; 806 NW2d 342 (2011). "In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." Const 1963, art 6, § 28.

> While this Court is bound by the Tax Tribunal's factual determinations and may properly consider only questions of law under this section, a Tax Tribunal decision that is not supported by competent, material, and substantial evidence on the whole record is an "error of law" within the meaning of Const 1963, art 6, § 28. *Oldenburg v Dryden Twp*, 198 Mich App 696, 698; 499 NW2d 416 (1993); *Kern v Pontiac Twp*, 93 Mich App 612, 620; 287 NW2d 603 (1979). Substantial evidence must be more than a scintilla of the evidence, although it may be substantially less than a preponderance of the evidence. *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 352-353; 483 NW2d 416 (1992). "Substantial" means evidence that a reasonable mind would accept as sufficient to support the conclusion. *Kotmar, Ltd v Liquor Control Comm*, 207 Mich App 687, 689; 525 NW2d 921 (1994). [*Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 388-389; 576 NW2d 667 (1998).]

Additionally, "[t]he appellant bears the burden of proof in an appeal from an assessment, decision, or order of the Tax Tribunal." *ANR Pipeline Co v Dep't of Treasury*, 266 Mich App 190, 198; 699 NW2d 707 (2005).

MCL 211.7cc and MCL 211.7dd govern Michigan's PRE. *EldenBrady v City of Albion*, 294 Mich App 251, 256; 816 NW2d 449 (2011). "A principal residence is exempt from the tax levied by a local school district[,]" MCL 211.7cc(1), and is defined as "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return[,]" MCL 211.7dd(c).

Petitioner and her husband bought property at 2614 Lakeshore Drive, Fennville, Michigan in March 2006. In April 2008, petitioner filed a Homeowner's Principal Residence Exemption Affidavit stating that the Lakeshore Drive property became her principal residence in February 2008. Petitioner stated that she lives at the Fennville property and visits her husband at their Illinois home on some weekends. On December 11, 2012, respondent sent petitioner and her husband a letter stating that the PRE for the Fennville property for 2009 through 2012 was denied for the following reasons: "This property is not your principle [sic] residence and you are receiving an exemption/tax credit in Illinois." Petitioner appealed this denial to the MTT's Small Claims Division. A hearing referee recommended affirming respondent's denial in a proposed opinion and judgment. Petitioner filed exceptions to the proposed opinion and judgment. While the MTT agreed with some of petitioner's exceptions, it determined that they were not material and affirmed respondent's denial of petitioner's request for a PRE. Petitioner appealed.

Petitioner presented ample evidence that her Fennville property is "her true, fixed, and permanent home to which, whenever absent, . . . she intends to return[,]" MCL 211.7dd(c), and, therefore, she is entitled to a PRE as to that home. She presented utility bills demonstrating at least two years of consistent usage at the Fennville property during the years at issue. She also submitted her individual Michigan income tax returns for each year at issue. There was other evidence to support the conclusion that the Fennville property is petitioner's true, fixed, and permanent home. Petitioner's business is incorporated in Michigan, and all relevant business documentation lists petitioner's Fennville address. Petitioner's vehicle is titled and registered in Michigan at the Fennville address and insured in compliance with Michigan's no-fault act. Petitioner possesses a Michigan driver's license which lists the Fennville address. Petitioner is registered to vote in Michigan at the Fennville address. This evidence was more than sufficient to meet petitioner's burden of establishing that the Fennville address was "her true, fixed, and permanent home to which, whenever absent, . . . she intends to return" during the tax years at issue. MCL 211.7dd(c).

More important is the fact that the record contains absolutely no evidence in support of the respondent's position. While our review of MTT decisions is limited, the MTT's decision must still be supported by "substantial" evidence. *Great Lakes Div*, 227 Mich App at 388-389. Although "substantial" means less than a preponderance, it also means more than a mere "scintilla" and must constitute "evidence that a reasonable mind would accept as sufficient" to support the MTT's conclusion. *Id*. Respondent presented two pieces of evidence: its answer and the property record card for the Fennville property. The property record card does nothing to suggest that the Fennville property is not petitioner's principal residence; it merely establishes, among other unrelated things, that the property is residential and owned by petitioner and her

husband. Respondent's answer is equally unpersuasive. It simply states that the reason for denial of a PRE was that petitioner owns property in Illinois and that a PRE, or its Illinois equivalent, was being received on both the Illinois and Fennville properties. First, owning property in another state does nothing to deprive an individual of a Michigan PRE. Indeed, the exemption itself is for an individual's "principal" residence, not "only" residence. Second, petitioner definitively established that she and her husband filed separate income tax returns during the tax years at issue and this Court has ruled, consistent with the applicable statutes, that a married party who files a separate income tax return may obtain a PRE on his or her principal residence even if his or her spouse obtains a similar exemption in another state on another property. *Stege v Dep't of Treasury*, 252 Mich App 183, 195; 651 NW2d 164 (2002). Accordingly, the MTT's decision was not based on "substantial" evidence, particularly in light of the voluminous evidence submitted by petitioner, and, therefore, constituted an "error of law" under Const 1963, art 6, § 28. *Great Lakes Div*, 207 Mich App at 388-389.

The decision of the MTT is reversed and we remand for entry of an order granting petitioner's request for a PRE on the subject property for the tax years at issue. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause