# STATE OF MICHIGAN

# COURT OF APPEALS

STACY R. WALSH,

        Petitioner-Appellant,

v

COUNTY OF BERRIEN,

        Respondent-Appellee.

UNPUBLISHED
October 13, 2015

No. 322205
Michigan Tax Tribunal
LC No. 00-461428

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Petitioner appeals by right the Michigan Tax Tribunal (MTT)'s Final Opinion and Judgment denying her a principal residence exemption (PRE), pursuant to MCL 211.7cc, for property located in New Buffalo, Michigan for tax years 2010 through 2013. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In March 2005, respondent recorded a deed conveying to petitioner and petitioner's husband the property located at 52122 Lake Park Drive in New Buffalo, Michigan ("the subject property"). Petitioner and her husband also owned a home in Lincolnshire, Illinois during all relevant periods. In September 2010, respondent notified petitioner that it was conducting an audit regarding a PRE that petitioner claimed for the subject property for tax years 2007 to 2010. Petitioner provided tax returns, state identification listing the subject property as her address, and a property tax bill from petitioner's Illinois home showing that petitioner's husband did not claim a PRE on that property after tax year 2008. Respondent informed petitioner that the PRE would remain on the property for tax year 2009; a PRE was denied for tax years 2007 and 2008. Respondent's correspondence did not make explicit reference to tax year 2010; however it appears that a PRE was initially granted for that tax year.

In September 2013, respondent audited petitioner's claimed PRE for tax years 2010 to 2013, and this time denied the PRE. Petitioner appealed to the MTT, arguing that she lived in the Michigan home as her primary residence and that her husband lived in the Illinois home as his primary residence. Petitioner presented evidence that included copies of her Michigan Driver's License; her Michigan Voter Identification card; her October 16, 2013 voter registration postcard; a Berrien County jury summons sent to the subject property; federal, Michigan, and Illinois individual income tax returns; property tax assessments for 404 Old Mill Circle, Lincolnshire, Illinois; the November 2, 2010 Audit Letter informing her that the 2009 principal

residence exemption would remain on the subject property; a jury summons addressed to petitioner at the subject property, utility bills that showed utility service and insurance coverage for the subject home, and an October 16, 2013 postcard responding to a notice of cancellation of petitioner's voting eligibility in New Buffalo Township because of relocation to another jurisdiction. After considering the evidence submitted by the parties, the MTT found that petitioner did not occupy the subject property as her principal residence, and held that she was not entitled to a PRE for the subject property for tax years 2010 through 2013. Petitioner filed exceptions to the proposed opinion and judgment, which the MTT denied. This appeal followed.

## II. STANDARD OF REVIEW

Review of a final agency determination is generally limited to the record below. *Northwestern Nat'l Cas Co v Comm'r of Ins*, 231 Mich App 483, 496; 586 NW2d 563 (1998). Absent fraud, "review of a Tax Tribunal decision is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle." *ANR Pipeline Co v Dep't of Treasury*, 266 Mich App 190, 198; 699 NW2d 707 (2005). MTT decisions must be "supported by competent, material, and substantial evidence on the whole record." *Kotmar, Ltd v Liquor Control Comm'n*, 207 Mich App 687, 689; 525 NW2d 921 (1994). Substantial evidence "must be more than a mere scintilla of evidence" but "may be substantially less than the preponderance of the evidence necessary for many civil cases." *Id*. Substantial evidence is that which "a reasoning mind would accept as sufficient to support a conclusion." *Id*.

## III. PRINCIPAL RESIDENCE EXEMPTION

On appeal, petitioner argues that she provided overwhelming evidence that the subject property was her principal residence, and was thus entitled to an exemption. Petitioner argues specifically that the MTT failed to give proper weight to her Michigan voter registration and her filing of separate Michigan income tax returns. We disagree.

MCL 211.7cc(1) provides that "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under [] MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section." A principal residence is "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." MCL 211.7dd(c). Ownership and occupancy are necessary to claim a principal residence exemption. *Power v Dep't of Treasury*, 301 Mich App 226, 231; 835 NW2d 622 (2013).

Petitioner argues that respondent failed to controvert the evidence she presented to the tribunal, and that this evidence was proof that the subject property was her principal residence. We disagree that petitioner's evidence constituted "conclusive proof of [her] principal residence; instead, the items were merely evidence to be considered by the MTT for purposes of determining [her] principal residence." *Drew v Cass Co*, 299 Mich App 495, 501; 830 NW2d 832 (2013). The MTT considered the evidence that petitioner asserts established that the subject property was her principal residence, but gave more weight to aspects of the evidence suggesting that the subject property was not her principal residence. The MTT noted that petitioner registered to vote in New Buffalo, Michigan in 2005, but also noted that she never voted in

Michigan and voted in Illinois in 2007. Although The MTT acknowledged that the utilities usage reflected in petitioner's evidence might "reflect[] year-round occupancy" of the subject property, the bills were mailed to petitioner at her Illinois address, not the subject property, and thus did not establish principal occupancy by petitioner. It also found that, although petitioner filed taxes as a Michigan resident "married filing separately," and listed her address as the subject property; these filings were inconsistent with her federal filings, which listed an Illinois address and were marked "married filing jointly," and thus contradicted petitioner's claim of Michigan residency.

"The weight to be accorded to the evidence" petitioner provided "is within the Tax Tribunal's discretion," and "this Court may not second-guess the MTT's discretionary decisions regarding the weight to assign to the evidence." *Id.* (quotation and citation omitted). It was within the MTT's discretion to conclude that "[t]he greater weight of the evidence provided in this case . . . suggests that Petitioner does not occupy the subject property as she contends," when this conclusion is "supported by competent, material, and substantial evidence on the whole record." *Kotmar, Ltd*, 207 Mich App at 689. The record is devoid of evidence that the MTT "erred in applying the law or adopted a wrong principle," *ANR Pipeline Co*, 266 Mich App at 198, and the MTT's decision was supported by competent, material, and substantial evidence in the form of tax returns and voter records, inter alia. *Kotmar, Ltd*, 207 Mich App at 689. Thus, petitioner has not shown that she is entitled to a PRE for 2010 through 2013.

## IV. EQUITABLE ESTOPPEL

Petitioner also asserts that she is entitled to a PRE on the basis of equitable estoppel, because respondent granted her an exemption for tax year 2009 and the facts and law have not since changed. Equitable estoppel "rests on broad principles of justice" and may be invoked where "(1) a party by representations, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is allowed to deny the existence of the facts." *In re Beglinger Trust*, 221 Mich App 273, 276; 561 NW2d 130 (1997).

However, the MTT is without the power to provide equitable relief of the sort petitioner seeks. The MTT "cannot invoke equity," as its powers "are limited to those authorized by statute, and the MTT 'does not have powers of equity.'" *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 634; 752 NW2d 479 (2008), quoting *Federal-Mogul Corp v Dep't of Treasury*, 161 Mich App 346, 359; 411 NW2d 169 (1987). The MTT thus did not commit an error of law or adopt a wrong legal principle in declining to grant petitioner a PRE on the basis of equitable estoppel. *ANR Pipeline Co*, 266 Mich App at 198.

Affirmed.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra