# STATE OF MICHIGAN

# COURT OF APPEALS

WELCOME MISSIONARY BAPTIST CHURCH,

        Petitioner-Appellee,

v

CITY OF PONTIAC,

        Respondent-Appellant.

UNPUBLISHED
March 7, 2017

No. 330487
Tax Tribunal
LC No. 00-045612

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Respondent the City of Pontiac appeals by right the Michigan Tax Tribunal's decision denying petitioner a tax exemption for certain property (referred to as "the 532 Orchard Lake property") pursuant to MCL 211.7s (the "houses of public worship" exemption), but also granting petitioner an entirely different exemption that petitioner had not previously requested of respondent pursuant to MCL 211.7o (the "nonprofit charitable institution" exemption). Respondent primarily argues that the Tax Tribunal was not permitted to consider the exemption under MCL 211.7o, and in any event erred in finding the premises "occupied." Petitioner argues that the Tax Tribunal should have granted its original request for an exemption under MCL 211.7s as an alternative basis for affirmance. We believe the Tax Tribunal did not handle the introduction of MCL 211.7o in the best manner, but we are unable to conclude that it was impermissible for it to do so or that it mishandled the issue so badly as to deprive respondent of fundamentally fair proceedings, nor can we find its factual findings flawed. We therefore affirm and decline to consider petitioner's alternate basis.

The premises in question, made up of four tax parcels, are a former nursing home next to petitioner's church building (which has a tax exemption not at dispute in this proceeding), an associated parking lot, and a small amount of vacant land. Prior to 2007, when the nursing home closed, petitioner had shared some of the nursing home's parking space and "did a lot of Mission work within the facility as well." When the nursing home closed, petitioner entered into a land contract to purchase the property. It also formed an entity called Welcome Missionary Baptist Church Opportunity Center (referred to as "the Opportunity Center"), a theoretically separate entity formed for the express purpose of operating mission activities on the 532 Orchard Lake property, but the testimony strongly suggests that in fact either petitioner was the entity that *actually* conducted all activities and operations in the building, or at the very least petitioner did not practically treat the Opportunity Center as a separate entity in any meaningful way.

-1-

Nonetheless, petitioner, either itself or through the Opportunity Center, used the parking lot on the 532 Orchard Lake property almost daily, sometimes for parking only but frequently for a wide variety of charitable activities. Those activities included a public health outreach service, provision of donated food and furniture items, fundraising activities, and miscellaneous training and educational services. Petitioner initially used the building for part of its health outreach program, but stopped doing so in 2012 and now uses the building to store donated food and furniture pending its distribution. Petitioner contended that it considered its activities on the 532 Orchard Lake property to constitute "teaching the religious truths of and beliefs of the Welcome Missionary Baptist Church," but conceded that no worship, parsonage, or religious classes occurred there. It is undisputed that petitioner does not have a certificate of occupancy for the building or analogous legal permission to use the parking lot, although exactly what permissions petitioner might need regarding the parking lot, if any, were unclear from the testimony.

In 2011, the parties entered into a consent judgment under which petitioner received an exemption for the 532 Orchard Lake property under MCL 211.7s. We note that petitioner attempts to make far too much of this: the stipulation says *nothing* about actual use of the property and states that it is the entirety of the parties' agreement, and there is nothing to refute respondent's contention that it merely made a financial decision at the time that to dispute the exemption was not worth its resources. Respondent subsequently changed that exemption status, and petitioner commenced the instant action in 2013, citing only MCL 211.7s and seeking "a decision overturning the wrongful determinations of taxable value and grant petitioner's request for tax exemption since Petitioner is a charitable organization, exclusively occupies the subject parcel[1] and in all other material aspects is a charitable entity entitled to unfettered and irrefutable exemption from taxation."

Petitioner first mentioned MCL 211.7o in a somewhat inadequately articulated discussion in a responsive pleading. Notwithstanding respondent's protestation that petitioner had never actually asked for an exemption under that statute, the Tax Tribunal reasoned that petitioner's Petition had impliedly implicated that exception. The Tax Tribunal further reasoned that "Respondent did not object to said allegations" but "[r]ather, Respondent merely denied those allegations." The Tax Tribunal's subsequent summary of the parties' contentions did not mention MCL 211.7o, but after rejecting petitioner's sought exemption under MCL 211.7s, it observed that it "must determine whether the subject parcels are entitled to an exemption under MCL 211.7o." The Tax Tribunal found that exemption applicable, and from that finding respondent appeals.

We review questions of law, including the interpretation of statutes, de novo. *Danse Corp v City of Madison Heights*, 466 Mich 175, 178; 644 NW2d 721 (2002). Court rules, and

---

[1] We note that the property actually consists of four tax parcels, and petitioner's Petition for Relief transposed some numbers when specifying them, therefore technically referring to parcels that did not exist. Nonetheless, it is clear that all parties involved understood what property was truly at issue. This is conclusively established by the absence of any mention thereof in the record, and we mention it only to further ensure that no confusion ensues.

therefore by implication the Tax Tribunal's rules of procedure, are also reviewed de novo. See *Grievance Administrator v Underwood*, 462 Mich 193-194; 612 NW2d 116 (2000). The Tax Tribunal's factual findings are deemed conclusive if they are supported by "competent, material, and substantial evidence on the whole record;" and its decisions are otherwise only reviewable for fraud, a misapplication of the law, or adoption of a wrong legal principle. *Wexford Med Group v City of Cadillac*, 474 Mich 192, 201-202; 713 NW2d 734 (2006), quoting Const 1963, Art 6, ¶ 28. "A challenge to subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal." *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996).

Respondent makes a very reasonable argument that petitioner's petition did not put respondent on notice that it should expect to defend a claimed exemption under MCL 211.7o. The petition was styled as a *review* of a requested exemption *only* under MCL 211.7s; furthermore, notwithstanding some vague references that could conceivably touch on other exemptions, in the context of the otherwise extremely minimalistic petition that cited *exactly one* claimed exemption, the principle of *expressio unius est exclusio alterius* appears appropriate. Although it need not be in any particular format, pleadings in Michigan must minimally contain enough specificity to inform the adverse party of the nature of any claims being made. *Nationsbanc Mortgage Corp of Georgia v Luptak*, 243 Mich App 560, 566; 625 NW2d 385 (2000); *Roberts v Mecosta Co Hosp*, 470 Mich 679, 696; 684 NW2d 711 (2004) (discussing notice under MCL 600.2912b). Petitioner correctly points out that nothing in TTR 227, the Tax Tribunal rule governing petitions, explicitly requires enumeration of claimed exemptions. However, respondent reasonably points out that it is unfair and unreasonable to expect it to defend against every conceivable exemption. A plain reading of the petition would lead to the conclusion that *only* an exemption claimed under MCL 211.7s need be addressed.

Nevertheless, although we find its logic tortured, the Tax Tribunal *did* make it explicitly clear to the parties *before the hearing* that it was considering the possibility of petitioner's entitlement to an exemption under MCL 211.7o in addition to MCL 211.7s. Although respondent maintained the reasonable position that the Tax Tribunal should not consider that exemption, it was on actual notice that the Tax Tribunal was nevertheless doing so. Respondent therefore had an effective opportunity to address it. See *Sietsema Farms Feeds, LLC v Dep't of Treasury*, 296 Mich App 232, 240-241; 818 NW2d 489 (2012). Significantly, respondent's entire defense, insofar as we can determine, was that petitioner was not actually occupying or using the property, which applies equally to both exemptions. Had the trial court found that to be the case, denial of *both* exemptions would have been mandated. Respondent never disputed, and we fail to see how it could honestly do so, that petitioner owned the property and constituted a charitable organization under the circumstances. Finally, notwithstanding the Tax Tribunal's handling of *whether* to address MCL 211.7o, it clearly gave thorough and competent consideration to the issue once it decided to do so. We find that any error committed by the Tax

Tribunal was harmless, and respondent was not deprived of a meaningful opportunity to defend against that claimed exemption.[2]

Furthermore, we find no factual error by the Tax Tribunal. Respondent relies to a great extent on the fact that the Tax Tribunal used the word "temporary" when describing the storage uses to which petitioner puts the building, and further on the building's lack of an occupancy permit. We reject both arguments. The evidence was overwhelming that petitioner makes ongoing use of the building; any discrete item will only be present temporarily, but *something* will always be there. The evidence further shows that petitioner's use of the parking lot is hardly "sporadic," albeit apparently at times respondent's witnesses were unlikely to be driving past. Because it was undisputed that petitioner does not have an occupancy permit for the premises, we presume, although we do not decide and no such conclusion should be inferred, that petitioner's use of the building may be illegal. However, critically, nothing in *the tax exemption statute at issue*, MCL 211.7o, requires that the use of the property must be legal. Whatever police power remedies respondent may or may not have, they have no bearing on whether petitioner *is actually using* the premises consistent *with the tax code*. The only disputed portion of the Tax Tribunal's factual findings is whether petitioner has a "regular physical presence" on the property. With or without respondent's permission, there is clearly "competent, material, and substantial evidence on the whole record" to find that petitioner does have that presence. See *Kotmar, Ltd v Liquor Control Comm*, 207 Mich App 687, 689-690; 525 NW2d 921 (1994).

We find respondent's frustration with the Tax Tribunal's consideration of MCL 211.7o to be far from unreasonable. We certainly do not think that petitioner or the Tax Tribunal followed the best practice. However, we cannot find that the Tax Tribunal was actually in error or that respondent was deprived of any of its rights, nor can we find that the Tax Tribunal's factual findings were unsupported by the record. We therefore affirm.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter

---

[2] Respondent also argues that the Tax Tribunal somehow impermissibly exercised equity powers. We quite simply fail to comprehend this argument.