POWER v DEPARTMENT OF TREASURY

Docket No. 309773. Submitted April 4, 2013, at Lansing. Decided April 9, 2013. Approved for publication May 28, 2013, at 9:05 a.m.

Allan Warner held a lot lease for property near Charlevoix, Michigan, that had a house on it. The lease was superseded by a license agreement that allowed him to use and occupy the property for $175 a year. The Chicago Summer Resort Company was the property's owner of record. The license agreement explicitly stated that it did not grant any legal or equitable interest in or title to the lot. Taxes were billed to the corporation as the record owner, and an accounting firm collected all the bills and provided individual invoices to members for the taxes attributable to each member's individual property. Following an audit, the Department of Treasury denied a principal residence exemption under MCL 211.7cc because under MCL 211.7dd(b), a corporation is not a person for purposes of defining an "owner" eligible for the exemption. Warner appealed that determination to the department, contending that he was a lessee of the property, that he owned a dwelling on the leased land, and that he was therefore an owner eligible for the exemption. Following an informal conference, the department upheld the denial. Warner then appealed the decision in the small claims division of the Tax Tribunal. The hearing officer found that petitioner was not the owner of the property and had not submitted any documents showing him to be the owner of record. The hearing officer further found that the lease and license agreements indicated that they conveyed to Warner the right to use and occupy the lot and that the owner of the real estate was the corporation. Finally, the hearing officer found that Warner had not shown any evidence of ownership of the building. The hearing officer concluded that Warner had failed to prove that the property qualified for the exemption. The tribunal accepted the hearing officer's findings and proposed opinion. Warner appealed. Following Warner's death, William A. Power, III (the personal representative of Warner's estate), was substituted as appellant.

The Court of Appeals held:

1. The taxpayer has the burden of showing entitlement to an exemption. MCL 211.7cc(1) provides that a principal residence is

exempt from a local school district taxes if an owner of the principal residence claims the exemption, which under MCL 211.7cc(2) an owner may do by filing an affidavit stating that the property is owned and occupied as a principal residence by that owner. Additionally, MCL 211.7dd(c) defines "principal residence" as the portion of a dwelling or unit that is owned and occupied by an owner of the dwelling or unit. Thus, while occupancy is a necessary condition for claiming the exemption, it is not sufficient. A person seeking the exemption must also prove ownership. Warner provided no evidence that he had an ownership interest in either the lot or the dwelling house. The tribunal's holding that Warner did not carry his burden was supported by substantial evidence and was not based on an error of law. The tribunal therefore properly dismissed Warner's appeal.

2. Under MCL 211.7dd(a)(*iv*), the definition of "owner" includes a person who owns or is purchasing a dwelling on leased land. Warner argued that a homeowner's policy on the property demonstrated that he was the owner. A homeowner's policy insuring a dwelling, however, does not render that person an owner as defined in MCL 211.7dd(a) because coverage under those policies can be based on a possessory interest as well as an ownership interest. Moreover, Warner was merely described as the "named insured" of the policy. Nothing in the document indicated that Warner actually owned or was purchasing the house.

Affirmed.

*Young, Graham, Elsenheimer & Wendling, P.C.* (by *Harry K. Golski* and *Eugene W. Smith*) for William A. Power, III.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Matthew Hodges*, Assistant Attorney General, for the Department of Treasury.

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM. Petitioner appeals the final opinion and judgment issued by the Michigan Tax Tribunal (the Tribunal) on March 29, 2012. The Tribunal adopted the proposed opinion of the hearing officer and dismissed

petitioner's appeal of respondent's denial of the principal residence tax exemption (PRE), MCL 211.7cc, for tax years 2005, 2006, 2007, and 2008, finding that petitioner had not proved that he was an "owner" of the property at issue. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS AND PROCEDURE

This case concerns property held in the name of the Chicago Summer Resort Company, a Michigan corporation (the corporation). The corporation is the owner of record of property near Charlevoix, Michigan. The property at issue is a residential property that contains at least one house. The parties do not dispute that petitioner occupied the property. The bylaws of the corporation indicate that a person may only acquire a "right to occupy a Site or any other property owned by the corporation" by becoming a shareholder of the corporation.

From 2002 to 2007, petitioner held a "lot lease" for the real property identified as "building lot 2" at the cost of $175 a year. As of January 1, 2008, this lease was superseded by a license agreement, granting petitioner a license to use and occupy the property for $175 a year. The license agreement explicitly stated that it did not grant any legal or equitable interest in or title in or to the lot.

Taxes were billed to the corporation as the record owner of the property. An accounting firm collected all the bills sent to the corporation and provided individual invoices to members for the taxes attributable to each member's respective individual property, share of the common area, and boat slip if applicable.

In 2008, following an exemption audit, respondent denied a PRE for the 2005 through 2008 tax years

because a corporation is not a "person" for purposes of defining an "owner" eligible for a PRE. MCL 211.7dd(a) and (b). Petitioner appealed that determination, contending that he was a "lessee" of the parcel in question, that he owned a "dwelling" on the leased land, and that he was therefore an "owner" eligible for the PRE. Following an informal conference, respondent upheld the denial.

Petitioner then appealed the decision to the Tribunal's small claims division. Petitioner presented evidence and testimony related to his occupancy of the property. In support of his contention that he owned the property, petitioner cited his lease and license agreements, as well as the testimony of Edwina Powell (petitioner's stepdaughter) and Kevin Christman, who testified about how his accounting firm handled the corporation's taxes. Petitioner did not provide any evidence of his ownership of shares in the corporation.

The hearing officer found that petitioner was not the owner of the property and had not submitted any documents showing him to be the owner of record. The hearing officer further found that the lease and license agreements indicated that they conveyed to petitioner the right to use and occupy the lot and that the owner of the real estate was the corporation. Finally, the hearing officer found that petitioner did not show any evidence of ownership of the building. The hearing officer thus concluded that petitioner had failed to prove by a preponderance of the evidence that the property was qualified to receive the PRE. The Tribunal accepted the hearing officer's findings and proposed opinion.

## II. STANDARD OF REVIEW

Absent fraud, our review of Tribunal decisions is "limited to determining whether [the Tribunal] erred in

applying the law or adopted a wrong legal principle." *VanderWerp v Plainfield Charter Twp.*, 278 Mich App 624, 627; 752 NW2d 479 (2008). To the extent that our review requires the interpretation and application of a statute, that review is de novo. *Title Office, Inc v Van Buren Co Treasurer*, 469 Mich 516, 519; 676 NW2d 207 (2004). However, "statutes exempting persons or property from taxation must be narrowly construed in favor of the taxing authority." *Liberty Hill Housing Corp v City of Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008).

In *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 388-389; 576 NW2d 667 (1998), this Court stated:

> While this Court is bound by the Tax Tribunal's factual determinations and may properly consider only questions of law under [Const 1963, art 6, § 28], a Tax Tribunal decision that is not supported by competent, material, and substantial evidence on the whole record is an "error of law" within the meaning of Const 1963, art 6, § 28. *Oldenburg v Dryden Twp*, 198 Mich App 696, 698; 499 NW2d 416 (1993); *Kern v Pontiac Twp*, 93 Mich App 612, 620; 287 NW2d 603 (1979). Substantial evidence must be more than a scintilla of the evidence, although it may be substantially less than a preponderance of the evidence. *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 352-353; 483 NW2d 416 (1992). "Substantial" means evidence that a reasonable mind would accept as sufficient to support the conclusion. *Kotmar, Ltd v Liquor Control Comm*, 207 Mich App 687, 689; 525 NW2d 921 (1994).

### III. ANALYSIS

Petitioner argues that the Tribunal erred by concluding that he did not own the house located on the leased property. We disagree.

Michigan's principal residence exemption is also known as the "homestead exemption" and is governed

by MCL 211.7cc and MCL 211.7dd of the General Property Tax Act (GPTA), MCL 211.1 *et seq. Drew v Cass Co*, 299 Mich App 495, 500; 830 NW2d 832 (2013). MCL 211.7cc(1) provides in relevant part:

> A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section.

Aside from certain exceptions, MCL 211.7cc(2) provides that an owner of property may claim this exemption by filing an affidavit stating that "the property is owned and occupied as a principal residence by that owner of the property . . . ." Additionally, "principal residence" is defined as including only "that portion of a dwelling or unit . . . that is owned and occupied by an owner of the dwelling or unit." MCL 211.7dd(c). Thus, while occupancy is a necessary condition for claiming a PRE, it is not sufficient; petitioner was also required to prove ownership. See *VanderWerp*, 278 Mich App at 630.

Petitioner states incorrectly that the Tribunal erred by finding that his proof of ownership was not sufficient because it was not proved by a "deed" or "instrument of conveyance." In fact the Tribunal found that petitioner had not submitted *"any* documents which show he is the owner of record for the subject property" and "did not show *any* evidence of ownership of the building" on the lot for which the corporation was the owner of record. (Emphasis added.) These findings are supported by substantial evidence. The lease agreement provided by petitioner does not purport to convey the land to petitioner or any building to petitioner; in fact, it requires the leaseholder to seek corporation approval to make any changes to the premises and restricts peti-

tioner from conveying the property or assigning his leasehold interest. The licensing agreement goes further and explicitly states that it does not grant to petitioner any legal or equitable ownership interest in or title in or to the lot. Petitioner never produced his shares in the corporation or any other document purporting to demonstrate ownership of the lot.[1] Thus, the Tribunal did not err by determining that petitioner did not demonstrate ownership of the lot, especially in the face of the fact that the corporation was the owner of record.

As the Tribunal noted, petitioner's only hope for a PRE lay in MCL 211.7dd(a)(*iv*), which provides a definition of "owner" as "[a] person who owns or is purchasing a dwelling on leased land." This, in fact, was the basis of petitioner's initial appeal to respondent. However, petitioner simply provided no evidence that he owned or was purchasing his dwelling. Petitioner claims to have submitted a declaration sheet from Liberty Mutual Insurance Company for a homeowner's policy covering the house on the lot at issue. However, while that document does appear in the record on appeal in this Court, it does not appear in the list of exhibits offered before the Tribunal. Enlargement of the record on appeal is generally not permitted. *Mich AFSCME Council 25 v Woodhaven-Brownstown Sch Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011). Moreover, even if the Tribunal had considered

---

[1] Even if petitioner had provided evidence of ownership of shares in the corporation, that evidence, absent any specific language indicating ownership of specific property by petitioner, would not have sufficed to demonstrate that petitioner had an ownership interest in the land to which the corporation held title. "A corporation is a legal entity distinct from its shareholders, even though all of the stock is held by a single individual." *Bill Kettlewell Excavating, Inc v St. Clair Co Health Dep't*, 187 Mich App 633, 639; 468 NW2d 326 (1991). Thus, ownership of corporate property is vested in the corporation itself and not the shareholders. *Bourne v Muskegon Circuit Judge*, 327 Mich 175, 191; 41 NW2d 515 (1950).

this evidence, the mere fact that someone has a homeowner's policy insuring a dwelling does not render that person an owner under MCL 211.7dd(a). In fact, petitioner is merely described as the "named insured" of this policy. Such policies may provide coverage based on a possessory interest as well as an ownership interest. See, e.g., *Heniser v Frankenmuth Mut Ins Co*, 201 Mich App 70, 72-73; 506 NW2d 247 (1993). In any event, nothing in that document, even if it had been provided to the Tribunal, indicates that petitioner actually owns or is purchasing the dwelling house on the lot at issue. Additionally, evidence showing that all taxes were billed to the corporation and then apportioned to individual shareholders cuts against any claim by petitioner that he owns the dwelling house at issue because it supports the conclusion that all the property at issue was owned by the corporation, not petitioner. See *Bourne v Muskegon Circuit Judge*, 327 Mich 175, 191; 41 NW2d 515 (1950).[2]

In sum, petitioner simply provided no evidence that he had an ownership interest in either the lot or the dwelling house. The taxpayer has the burden of showing entitlement to the exemption. *Andrie, Inc v Dep't of Treasury*, 296 Mich App 355, 365; 819 NW2d 920 (2012). The Tribunal's holding that petitioner did not carry this burden was supported by substantial evidence and was not based on an error of law. *Great Lakes*, 227 Mich App at 388-389. The Tribunal therefore properly dismissed petitioner's appeal.

Affirmed.

BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ., concurred.

---

[2] The testimony of petitioner's stepdaughter, and Christman also did not establish that petitioner was an owner of the dwelling.