# STATE OF MICHIGAN

# COURT OF APPEALS

GRETCHEN L. MIKELONIS,

        Petitioner-Appellant,

v

TOWNSHIP OF ALABASTER,

        Respondent-Appellee.

FOR PUBLICATION
November 4, 2014
9:00 a.m.

No. 315512
Tax Tribunal
LC No. 00-413177

Before: SAWYER, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Petitioner appeals from an order of partial dismissal from the Michigan Tax Tribunal. We reverse and remand for entry of the stipulated consent judgment.

This appeal involves the taxable value of a parcel of property located in respondent's township. It was originally purchased by petitioner's parents. In 1993, petitioner's parents created a joint tenancy with rights of survivorship in one-half of the property between themselves and petitioner, subject to a life estate in her parents. By a quit claim deed in 2000, petitioner created a similar joint tenancy in an additional one-quarter of the property, retaining a life estate in that quarter and continuing to own the remaining one-quarter as tenants by the entirety. Then, in 2001, petitioner's parents conveyed all of their interest to petitioner, extinguishing the joint tenancy and releasing the life estate. This resulted in respondent's assessor uncapping the taxable value of the property beginning with the 2002 tax year based upon the transfer.

In 2010, petitioner challenged the uncapping and sought to correct the 2007 through 2010 tax bills. She subsequently challenged the uncapping with respect to the 2011 and 2012 tax years as well. The parties stipulated that the taxable value should not have been uncapped in 2002 and agreed upon what the current taxable value should be. This resulted in the parties entering into a consent judgment whereby petitioner waived her right to recover taxes paid for the 2007, 2008, and 2009 tax years. The parties further agreed that petitioner could recover the excess taxes paid for the 2010, 2011, and 2012 tax years based upon the recapped taxable values as stipulated to. The tax tribunal, however, concluded that it lacked jurisdiction over the 2007 through 2010 tax years and only accepted the stipulation for consent judgment for tax years 2011 and 2012. Petitioner now appeals and we reverse.

The tax tribunal reasoned as follows as to why it did not have jurisdiction over the 2010 and earlier tax years:

The Tribunal, having given due consideration to the Stipulation and the case files, finds the Tribunal has no authority over the subject property's taxable values for 2007, 2008, 2009, and 2010 tax years under MCL 205.735a or 211.53a, as Petitioner did not protest those residential property assessments to Respondent's March Board of Review and file by July 31 of those tax years. See also *Electronic Data Systems Corporation v Township of Flint*, 253 Mich App 538; 656 NW2d 215 (2002). Further, the uncapping of the property's taxable value was not the result of either a clerical error or qualified error under MCL 211.53a or 211.53b. [Footnote omitted.]

The tax tribunal's reasoning, however, ignores the clear provisions of MCL 211.271 and MCL 211.53b. MCL 211.27a(3) and (4) provide as follows:

(3) Upon a transfer of ownership of property after 1994, the property's taxable value for the calendar year following the year of the transfer is the property's state equalized valuation for the calendar year following the transfer.

(4) If the taxable value of property is adjusted under subsection (3), a subsequent increase in the property's taxable value is subject to the limitation set forth in subsection (2) until a subsequent transfer of ownership occurs. If the taxable value of property is adjusted under subsection (3) and the assessor determined that there had not been a transfer of ownership, the taxable value of the property shall be adjusted at the July or December board of review. Notwithstanding the limitation provided in section 53b(1) on the number of years for which a correction may be made, the July or December board of review may adjust the taxable value of property under this subsection for the current year and for the 3 immediately preceding calendar years. A corrected tax bill shall be issued for each year for which the taxable value is adjusted by the local tax collecting unit if the local tax collecting unit has possession of the tax roll or by the county treasurer if the county has possession of the tax roll. For purposes of section 53b, an adjustment under this subsection shall be considered the correction of a clerical error.

MCL 211.53b, referenced in § 27a(4), provides in part as follows:

(1) If there has been a qualified error, the qualified error shall be verified by the local assessing officer and approved by the board of review. Except as otherwise provided in subsection (9), the board of review shall meet for the purposes of this section on Tuesday following the second Monday in December and on Tuesday following the third Monday in July. If approved, the board of review shall file an affidavit within 30 days relative to the qualified error with the proper officials and all affected official records shall be corrected. If the qualified error results in an overpayment or underpayment, the rebate, including any interest paid, shall be made to the taxpayer or the taxpayer shall be notified and payment made within 30 days of the notice. A rebate shall be without interest. The treasurer in possession of the appropriate tax roll may deduct the rebate from the appropriate tax collecting unit's subsequent distribution of taxes. The

treasurer in possession of the appropriate tax roll shall bill to the appropriate tax collecting unit the tax collecting unit's share of taxes rebated. Except as otherwise provided in subsections (6) and (8) and section 27a(4), a correction under this subsection may be made for the current year and the immediately preceding year only.

* * *

(10) As used in this section, "qualified error" means 1 or more of the following:

(a) A clerical error relative to the correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes.

(b) A mutual mistake of fact.

(c) An adjustment under section 27a(4) or an exemption under section 7hh(3)(b).

MCL 211.27a(4) clearly provides that, in the event that it is determined that there had not been a transfer of ownership that allows for the uncapping of the taxable value, the board of review has the authority to adjust the taxable value for the current year and the 3 previous years. The parties stipulated that "Petitioner appeared before the Respondent's December 17, 2010 Board of Review pursuant to MCL 211.53b seeking correction of a qualified error in the tax bills received and paid by her for the 2010, 2009, 2008, and 2007 tax years." The parties also stipulated "that the taxable value of the subject property should not have been uncapped beginning in the 2002 tax year," and that the proposed values agreed upon had "been verified by Respondent's current assessor."

The tax tribunal concluded that the erroneous uncapping "was not the result of a clerical error or qualified error under MCL 211.53a or 211.53b." "Rather," the tribunal continued, "the uncapping was erroneous as a matter of law." But MCL 211.53b(10)(a) defines a qualified error to include a "clerical error relative to the correct assessment figures," and MCL 211.27a(4) provides that "[f]or purposes of section 53b, an adjustment under this subsection shall be considered the correction of a clerical error." Further, MCL 211.53b(10)(c) defines a qualified error to include "[a]n adjustment under section 27a(4)." For purposes of MCL 211.53b, the definition of clerical error and qualified error are contained in the statute and "[w]here a statute sets forth its own definitions, the terms must be applied as expressly defined." *Cherry Growers, Inc v Agricultural Mktg and Bargaining Bd*, 240 Mich App 153, 169; 610 NW2d 613 (2000).

Accordingly, where petitioner sought a refund under MCL 211.53b(1) of taxes assessed and paid under an erroneous conclusion that a transfer of ownership had occurred, petitioner was seeking correction of a qualified error, which would normally limit recovery "to the current year and the immediately preceding year only," but is not so limited because of the interplay of MCL 211.27a(4). Instead, the taxable value could be adjusted "for the current year and for the 3 immediately preceding calendar years." MCL 211.27a(4)] The parties' stipulation was in full compliance with the two statutory provisions.

For these reasons, we conclude that the tax tribunal did have jurisdiction over all the tax years from 2007 and later. Therefore, it should have accepted in full the parties' stipulation for a consent judgment.

Reversed and remanded to the tax tribunal with instructions to enter the stipulated consent judgment. We do not retain jurisdiction. Petitioner may tax costs.

/s/ David H. Sawyer
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood