# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN L. ANDERSON,

Petitioner-Appellant,

v

TOWNSHIP OF LEELANAU,

Respondent-Appellee.

UNPUBLISHED
December 21, 2017

No. 335016
Tax Tribunal
LC No. 15-006660-TT

Before: MURPHY, P.J., AND M. J. KELLY AND SWARTZLE, JJ.

PER CURIAM.

Petitioner, Susan Anderson, appeals as of right from the Tax Tribunal order denying her a principal residence exemption (PRE), MCL 211.7cc(1), for the 2015 tax year. Because there is no error warranting reversal, we affirm.

## I. BASIC FACTS

The subject property (6040 N. Anderson Road) is a residential property located in Omena, Michigan. Before December 31, 2014, the house on the property was demolished so that a new house could be constructed. Around March or April 2015, construction started on the new house. However, respondent, Leelanau Township, determined that because there was no house on the property that could be occupied, Anderson was not entitled to claim a PRE for the property for the 2015 tax year.

Anderson appealed the denial to the Michigan Tax Tribunal Small Claims Division, which entered a proposed opinion and judgment holding that Anderson was entitled to the PRE in the 2015 tax year. In response, Leelanau Township filed an exception, explaining that it was "struggling with how a principal residence exemption can be granted to a property that has no dwelling or alternative housing." Leelanau Township also asserted that the proposed opinion created a "dilemma" for the 2016 tax year because the opinion only addressed the 2015 tax year, Anderson did not file an affidavit under MCL 211.7cc(2) to claim the PRE for 2016, and Leelanau Township would have to deny the exemption for 2016 because Anderson was not occupying the property.

-1-

Addressing the 2015 tax year, the Tribunal entered a final judgment and opinion addressing Leelanau Township's exception. It reasoned:

> [T]he Administrative Law Judge properly held that prior to the rescission of the PRE, [Anderson] established the subject property as her one true, fixed, and permanent home. Despite her temporary absence while her home was being rebuilt, [Anderson] intended to return to the subject property, and did not establish a new principal residence. Therefore, under the plain language of MCL 211.7dd(c), the subject property continued as [Anderson's] principal residence and [Leelanau Township] improperly rescinded the PRE for the 2015 tax year.

The Tribunal also opined that Anderson was not required to continuously occupy the subject property to receive the PRE.

Because the Tribunal only addressed the 2015 tax year in its opinion, Anderson sent a letter to the Tribunal explaining that Leelanau Township would only issue a refund for overpayment in the 2015 tax year but not in the 2016 tax year because the final opinion and judgment only addressed the 2015 tax year.[1] Anderson asserted that the same improper denial of the PRE affected the 2016 tax year and requested that the Tribunal amend the final opinion and judgment to include the 2016 tax year.

The Tribunal denied Anderson's request, explaining that its jurisdiction was limited to the 2015 tax year. The Tribunal then determined that it had erred by reversing the denial of the PRE for the 2015 tax year. The Tribunal found that because Anderson's residence was completely demolished before December 31, 2014, there was no residence for her to occupy during the 2015 tax year. The Tribunal reasoned that its prior opinion had erroneously relied upon the fact that Anderson established her former home as her principal residence to which she intended to return. The Tribunal reasoned that "while [Anderson] may intend to return to the subject parcel in a future residence, she will not be able to return to the *true, fixed, and permanent home* which was previously established as her principal residence as that *home* is no longer in existence." The Tribunal explained that Anderson's intent to return to her former residence "terminated" when it was demolished.

## II. PRINCIPAL RESIDENCE EXEMPTION

### A. STANDARD OF REVIEW

Anderson argues that the Tribunal erred by affirming Leelanau Township's denial of a PRE for the 2015 tax year. Unless fraud is present, we review Tax Tribunal decisions for a misapplication of law or adoption of a wrong principle. *Power v Dep't of Trasury*, 301 Mich App 226, 229-230; 835 NW2d 622 (2013). The Tribunal's factual findings are "conclusive if they are supported by 'competent, material, and substantial evidence on the whole record.'" *EldenBrady v City of Albion*, 294 Mich App 251, 254; 816 NW2d 449 (2011) (citation omitted).

---

[1] The Tribunal characterized this letter as a motion for reconsideration.

B.  ANALYSIS

To qualify for a PRE, a property owner must file an affidavit averring that the property is owned and occupied as a principal residence on the date the affidavit is signed.  MCL 211.7cc(2).  The meaning of "principal residence" for the purposes of MCL 211.7cc is defined in MCL 211.7dd, which provides in relevant part:

> "Principal residence" means the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. . . .

The house on the instant property was demolished.  Therefore, it could no longer be "the 1 place where an owner of the property has his or her true, fixed, and permanent home" because there was no longer a home present on the property.  Likewise, the demolished home could not be the home "to which, whenever absent, [the owner] intends to return" because it was demolished to accommodate the construction of a new home in its place.  Furthermore, although the definition of "principal residence" states that an owner's principal residence "shall continue as a principal residence until another principal residence is established," MCL 211.7dd(c), a property must be used as a principal residence in order for an owner to continue to claim the exemption, MCL 211.7cc(5).  Here, given that there was no residence for the owner to use as her principal residence, Anderson was not entitled to receive a PRE on the subject property.  Accordingly, we conclude that the Tribunal did not err by affirming the denial of a PRE on the subject property for the 2015 tax year.

Affirmed.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

-3-