*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICO ZENTI,

        Petitioner-Appellee,

v

CITY OF MARQUETTE,

        Respondent-Appellant.

FOR PUBLICATION
July 25, 2019
9:10 a.m.

No. 344615
Tax Tribunal
LC No. 17-003615-TT

Before: TUKEL, P.J., and SERVITTO and RIORDAN, JJ.

TUKEL, P.J.

Respondent, the City of Marquette, appeals as of right the final opinion and judgment of the Tax Tribunal. In its opinion, the Tax Tribunal held that the conveyance by five siblings, as joint tenants with rights of survivorship, to themselves, as tenants in common, was not a "transfer of property" under the General Property Tax Act (GPTA), MCL 211.1a *et seq.* For the reasons provided below, we affirm.

## I. BACKGROUND

The facts of this case are simple and uncontested. On April 25, 1996, Rose Mary Zenti, the owner of the property at issue in this case, executed a quitclaim deed, which conveyed title to herself and her children (Peter J. Zenti, Kathleen Fudjack, Marilyn Siegel, Christine Emmendorfer, and petitioner, Rico Zenti, collectively "the children"), as joint tenants with full rights of survivorship. Rose Mary passed away on December 7, 2015, thereby leaving the children as the sole joint tenants with full rights of survivorship, and thus her one-sixth interest passed by operation of law to the children. On January 13, 2016, the children executed a quitclaim deed that conveyed the property to themselves, as tenants in common.

On February 23, 2017, the children received a notice of assessment from respondent. The notice identified the new assessments for the taxable value, assessed value, and state equalized value for the property:

-1-

|  | **2016** | **2017** | **Change From Prior Year** |
|---|---|---|---|
| Taxable Value | $126,450 | $246,000 | $119,550 |
| Assessed Value | $226,700 | $246,000 | $19,300 |
| State Equalized Value | $226,700 | $246,000 | $19,300 |

The notice further provided that there was a transfer of ownership of the property in 2016.

On May 22, 2017, petitioner filed a petition with the Michigan Tax Tribunal Small Claims Division. Petitioner challenged the "Uncapping of Taxable Value," arguing that the property had been "inappropriately uncapped by the city Assessor."[1] Petitioner maintained that, given that he and the other grantees were children of Rose Mary, the transfer of her interest after her death was exempt under MCL 211.27a(7)(d) and (7)(u). Moreover, petitioner contended that the January 2016 conveyance was not a "transfer of ownership" but instead merely was "a change in the type of ownership estate held by each of the" children.

The Tax Tribunal initially ruled that the 2016 transfer was not exempted and thus the property's assessments were properly uncapped. The tribunal rejected petitioner's contention that the January 2016 conveyance was not a transfer of ownership. The tribunal examined the definition for a "transfer of ownership" and ruled that petitioner, by transferring his right of survivorship and terminating the joint tenancy, gave up a present interest. Accordingly, this was a conveyance and, because the conveyance occurred via a deed, it was a transfer of ownership.

The tribunal further held that the January 2016 transfer of ownership was not exempted under MCL 211.27a(7)(i) because when the joint tenancy was terminated, none of the people involved in the joint tenancy (i.e., the children) was an original owner of the property before the joint tenancy was created; the only person who met that criterion was Rose Mary, and she already had passed away and was not involved in the January 2016 transfer.[2] The tribunal also

---

[1] The 1994 passing of Proposal A amended "article 9, § 3 of the Michigan Constitution to limit the annual increase in property tax assessments." *Klooster v City of Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011). As explained herein, there normally is a "cap" on how much a property's assessments can be increased. But "[a]fter certain 'transfers of ownership' occur, . . . property becomes uncapped and thus subject to reassessment based on actual property value." *Id*. at 297, quoting MCL 211.27a(3) (original brackets omitted).

[2] MCL 211.27a(7)(i) exempts from the definition of a transfer of ownership instances in which, among other requirements, the transfer terminates a joint tenancy between two or more people and "at least 1 of the persons was an original owner of the property before the joint tenancy was initially created."

rejected petitioner's argument that the transfer was exempted under MCL 211.27a(7)(u).[3] Although the transferees were all brothers and sisters, the tribunal noted that "[t]he transfer was . . . from themselves to themselves" and held that the exemption did not allow for a transfer to oneself, as was the case here.

Petitioner then filed a motion for reconsideration, which the Tax Tribunal granted. The Tax Tribunal ruled that it had erred when it found that the January 2016 transfer was not exempt under MCL 211.27a(7)(u). The tribunal ruled that under the definition of "transfer of ownership" in MCL 211.27a(6), the January 2016 transfer did "not constitute a conveyance of title to or a present interest in the property equal to the value of the fee interest" because petitioner and his siblings merely had given up the joint tenancy's right of survivorship.

## II. STANDARD OF REVIEW

"This Court's authority to review a decision of the Tax Tribunal is very limited." *Mich Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490-491; 618 NW2d 917 (2000). "In the absence of fraud, review of a decision by the Tax Tribunal is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle; its factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record." *Klooster*, 488 Mich at 295 (quotation marks and citation omitted).

If this Court's "review requires the interpretation and application of a statute, that review is de novo." *Power v Dep't of Treasury*, 301 Mich App 226, 230; 835 NW2d 662 (2013). However, "[t]his Court will generally defer to the Tax Tribunal's interpretation of a statute that it is charged with administering and enforcing." *Twentieth Century Fox Home Entertainment, Inc v Dep't of Treasury*, 270 Mich App 539, 541; 716 NW2d 598 (2006) (quotation marks and citation omitted; alteration in original).

## III. ANALYSIS

The sole issue on appeal is whether the Tax Tribunal erred in finding that the January 2016 quitclaim deed, in which the children of Rose Mary, as joint tenants with full rights of survivorship, deeded the property to themselves as tenants in common, effected a "transfer of ownership" under the GPTA. We hold that it did not. Because a "transfer" is the threshold issue for all of respondent's arguments, its position on appeal fails.

"The purpose of Proposal A was to limit tax increases on property as long as it remains owned by the same party, even though the actual market value of the property may have risen at a greater rate." *Klooster*, 488 Mich at 296.

---

[3] For residential property that is not used for any commercial purpose following the conveyance, MCL 211.27a(7)(u) exempts from the definition of a transfer of ownership instances in which "the transferee is the transferor's or the transferor's spouse's mother, father, brother, sister, son, daughter, adopted son, adopted daughter, grandson, or granddaughter."

Proposal A places a cap on the taxable value of a property so that, based on the previous year's taxable value, any yearly increase in taxable value is limited to either the rate of inflation or 5 percent, whichever is less. That cap on taxable value applies only to the current owner of the property, and the property's taxable value is uncapped when the property is transferred. The uncapped taxable value for the year after the transfer sets a new baseline value that is subject to a new cap. The GPTA is the enabling legislation that carries out the edicts of Proposal A. [*Mich Props, LLC v Meridian Twp*, 491 Mich 518, 529; 817 NW2d 548 (2012).]

"MCL 211.27a(2) and (3) provide the statutory framework to implement the capping and uncapping mechanisms required by Proposal A." *Id.* MCL 211.27a(2) establishes that the taxable value for each year after 1995 is the lesser of the formula found in MCL 211.27(a)(2)(a) or the current equalized value, whichever is less. MCL 211.27a(2); *Mich Props*, 491 Mich at 530-531. But "MCL 211.27a(3) sets forth an exception to the MCL 211.27a(2) calculation." *Mich Props*, 491 Mich at 531. MCL 211(a)(3) states the following:

Upon a transfer of ownership of property after 1994, the property's taxable value for the calendar year following the year of transfer is the property's state equalized valuation for the calendar year following the transfer.

"Accordingly, once the property is transferred, its taxable value is no longer predicated on the previous year's taxable value; rather, it is 'uncapped.' " *Mich Props*, 491 Mich at 531.

Thus, in order to be able to invoke the uncapped computation of taxable value, there must have been a "transfer of ownership." MCL 211.27a(3). And MCL 211.27a(6) defines "transfer of ownership" as "the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest." The statute then goes on to explain that such a transfer of ownership can occur through various means, including through "[a] conveyance by a deed." MCL 211.27a(6)(a).[4]

In ruling on petitioner's motion for reconsideration, the Tax Tribunal held that the January 2016 quitclaim deed did not effect a transfer of ownership. The tribunal stated:

Though the five children gave up their rights to survivorship under the joint tenancy, this does not constitute a conveyance of title to or a present interest in the property equal to the value of the fee interest . . . .

---

[4] However, MCL 211.27a(7) lists numerous exceptions, identifying certain transfers that are not to be considered as "transfer[s] of ownership."

The tribunal noted that its previous decision was erroneous because it had "rel[ied] on a definition [of "transfer of ownership"] outside of that contained in the statutory language."[5] The tribunal's subsequent ruling on the motion for reconsideration was correct.

Our starting point is the statutory definition of "transfer of ownership" contained in 211.27a(6), which defines "transfer of ownership" as "the conveyance of title to or a present interest in property . . . ." But because the term "the conveyance of title to or a present interest in property . . . ." is not further defined by statute, we may consult dictionary definitions. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002); see also MCL 8.3a. "Conveyance" means "[t]he voluntary transfer of a right or of property." *Black's Law Dictionary* (11th ed); see also *Klooster*, 488 Mich at 304. And "transfer" means "[t]o convey or remove from one place or one person to another; to pass or hand over from one to another, esp. to change over the possession or control of." *Black's Law Dictionary* (11th ed). Thus, when the various provisions are read together, "the conveyance of title to or a present interest in property" was required to have been from one person or group to "another" person or group. Here, however, the grantors and grantees of the January 2016 deed were *identical*; there was no conveyance or transfer to "another," as the same parties were owners at the end of the transaction as had been owners at the beginning. Further, each grantor held an undivided one-fifth interest in the property both before and after the execution of the deed, so not only were no new parties involved, but the extent of each party's interest remained the same. Accordingly, each grantor effectively conveyed to himself or herself without any other change in interests. Even if one considers the change in rights of survivorship which resulted from the transaction to have involved an interest in property "the value of which is substantially equal to the value of the fee interest," MCL 211.27a(6), that interest nevertheless involved no conveyance "to another," and thus fails to meet the statutory definition of "transfer of ownership."[6] Because that threshold definition is not met, there is no basis for uncapping the valuation. Therefore, we hold that the Tax Tribunal properly concluded that the deed at issue did not effect a conveyance that met the statutory definition of "transfer of ownership" under MCL 211.27a(6).

---

[5] While the Tax Tribunal also cited the statutory exception MCL 211.27a(7)(u) in its opinion, it is clear that the true basis of the tribunal's decision was that the transfer did not meet the statutory definition of "transfer of ownership" under MCL 211.27a(6). Because we agree that the deed here did not effect a "transfer of ownership" under that statutory definition, we need not address the exception contained in MCL 211.27a(7)(u).

[6] We note that our opinion is limited to this type of scenario and not the situation in which the grantors and grantees are the same but they change the proportion of what each person owns. For example, if two grantors who own equal 50% interests in the property convey to themselves such that one person now owns a 75% interest in the property while the other person now owns a 25% interest, in that case, then one grantor can be said to have transferred part of his property interest to the other, i.e., to "another."

Affirmed.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michael J. Riordan