*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

A. STEVEN PRUIETT and MELANIE PRUIETT,

UNPUBLISHED
December 8, 2022

Petitioners-Appellants,

v

No. 361554
Tax Tribunal

TOWNSHIP OF BILLINGS,

LC No. 21-002970-TT

Respondent-Appellee.

Before: M. J. KELLY, P.J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

Petitioners appeal by right the May 6, 2022 order of the Michigan Tax Tribunal denying the parties' amended stipulation for entry of consent judgment. Respondent does not oppose petitioners on appeal. To the contrary, the parties agree that the Tax Tribunal's decision should be reversed so that the parties' stipulation for a consent judgment, i.e., the parties' settlement agreement, can be entered. Petitioners argue that the Tax Tribunal erred by denying the parties' attempts to stipulate to an entry of consent judgment and by sua sponte dismissing the case for lack of jurisdiction. Although we recognize that the parties wish to settle their dispute under the auspices of the Tax Tribunal and see no substantive reason to obstruct such a settlement, we may not reverse because under present law, the Tax Tribunal correctly determined that it lacked jurisdiction.

## I. BACKGROUND

Petitioners' property bordered Wixom Lake and had 50 feet of waterfront when last assessed. Since that assessment, however, Wixom Lake completely drained after a dam failure in May 2020. This event did not alter the amount and location of petitioners' property, but the property no longer had a waterfront, a significant factor in the previous valuation. Petitioners alleged their property's 2021 taxable value was improperly calculated by respondent because it classified the property as waterfront property when, in reality, it had lost this distinction after the lake drained. Respondent had calculated the property's taxable value at $34,000 based upon the property being classified as lakefront property, which significantly raises its valuation. Petitioners protested respondent's taxable valuation at the July Board of Review. However, the July Board

declined to consider the protest, concluding that, unlike the March Board of Review, it could not consider a challenge to valuation unless there was a "qualified error" as defined by MCL 211.53b(6)[1] and that petitioners had not shown that such an error occurred. Petitioners appealed to the Tax Tribunal, where respondent argued that petitioners could not invoke the jurisdiction of the Tribunal based on MCL 205.735a(3), which provides that "for an assessment dispute as to the evaluation or exemption of property, *the assessment must be protested before the board of review before the tribunal acquires jurisdiction* of the dispute." (Emphasis added). The Tribunal initially denied each side's motion for summary disposition, reasoning that it could not rule on respondent's jurisdictional argument until it determined whether there was a qualified error.

---

[1] A "qualified error" is defined in MCL 211.53b(6) as one or more of the following:

> (a) A clerical error relative to the correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes.

> (b) A mutual mistake of fact.

> (c) An adjustment under section 27a(4) or an exemption under section 7hh(3)(b).

> (d) An error of measurement or calculation of the physical dimensions or components of the real property being assessed.

> (e) An error of omission or inclusion of a part of the real property being assessed.

> (f) An error regarding the correct taxable status of the real property being assessed.

> (g) An error made by the taxpayer in preparing the statement of assessable personal property under section 19.

> (h) An error made in the denial of a claim of exemption for personal property under section 9o.

> (i) An issue beyond the control of a disabled veteran or his or her unremarried surviving spouse that causes a denial of an exemption under section 7b. An issue beyond the control of a disabled veteran or his or her unremarried surviving spouse means an error made by the local tax collecting unit in the processing of a timely filed exemption affidavit or a delay in the determination by the United States Department of Veterans Affairs that a veteran is permanently and totally disabled as a result of military service and entitled to veterans' benefits at the 100% rate.

On April 29, 2022, the parties submitted a stipulation for entry of consent judgment, agreeing to a settlement in which the property's taxable value would be set at $27,850 for 2021 instead of the $34,000 previously assessed. The stipulation stated that the parties agreed that it had been a qualified error for the property to have been "valued as premium lakefront at a rate of $546 per foot of frontage instead of $300 per foot of frontage, the value used by the [respondent] to assess the land in 2022." On May 2, 2022, the Tax Tribunal denied the stipulation because "the Stipulation does not indicate the specific qualified error or the authority to reduce the property's TV based on a 'value loss.' "

On May 3, 2022, the parties submitted an amended stipulation stating that respondent's original taxable valuation of the property in 2021 had been " 'an error of measurement or calculation of the physical dimensions or components of the real property being assessed' under MCL 211.53b[(6)](d)";[2] that, "[f]or the purposes of settlement, the Parties stipulate that this was a qualified error under MCL 211.53b[(6)](d) that should have been corrected at the July Board of Review"; and that, "[m]ore specifically, the taxable value should have been lowered to account for losses resulting from the May 2020 flood."

Despite its recognition of the fundamental principle that the law favors settlements, the Tribunal concluded that it could not issue such an order because it lacked jurisdiction. The Tribunal determined that there had been no qualified error related to the 2021 assessment and therefore the July Board lacked jurisdiction, which in turn left the Tribunal without jurisdiction. The Tribunal further determined that this case concerned the correction of a property's valuation and so it needed to be brought before the March Board of Review. Accordingly, the Tribunal declined to enter the parties' amended stipulation for consent judgment and dismissed the case.

On appeal, petitioners argue, and respondent agrees, that the Tax Tribunal erred by concluding that it lacked jurisdiction to accept the parties' stipulation.[3]

"The jurisdiction of the Tax Tribunal is granted by statute." *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 239; 477 NW2d 492 (1991). In the absence of statutory authority, the Tribunal lacks subject-matter jurisdiction and "should not proceed further except to dismiss the action." *Electronic Data Sys Corp v Twp of Flint*, 253 Mich App 538, 544; 656 NW2d 215 (2002). While stipulations and settlements are strongly encouraged, see *Chouman v Home Owners Ins Co*, 293 Mich 434, 438; 810 NW2d 88 (2011), the parties cannot stipulate to jurisdiction, see *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992).

---

[2] The list of qualified errors was previously located in MCL 211.53b(8). After a recent amendment, 2022 PA 141, the qualified errors are now found in MCL 211.53b(6). Because there were no substantive changes, we will refer to the current version of the statute.

[3] "Absent fraud, our review of Tribunal decisions is limited to determining whether [the Tribunal] erred in applying the law or adopted a wrong legal principle." *Power v Dep't of Treasury*, 301 Mich App 226, 229-230; 835 NW2d 662 (2013) (quotation marks and citation omitted; alteration in original).

Claims of qualified errors are heard by the July Board of Review. See MCL 211.53b(1). If a petitioner's request for reevaluation of property goes beyond the qualified errors listed in MCL 211.53b(6), the July Board of Review is without authority to review such requests. See *Int'l Place Apartments-IV v Ypsilanti Twp*, 216 Mich App 104, 108-109; 548 NW2d 668 (1996). Rather, in these instances it is the March Board of Review that has authority to correct errors in the valuation of property. See *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 532-533; 817 NW2d 548 (2012). For an assessment dispute that involves the valuation of property, "the assessment must be protested before the board of review before the Tax Tribunal acquires jurisdiction over the dispute . . . ." MCL 205.735a(3). Thus, the Tribunal did not err by considering whether there had been a qualified error as a preliminary question governing jurisdiction. See *Tyrrell v Univ of Mich*, 335 Mich App 254, 260; 966 NW2d 219 (2020) ("A court is, at all times, required to question sua sponte its own jurisdiction.").

The parties have stipulated for purposes of settlement that there was "an error of measurement or calculation of the physical dimensions or components of the real property" such that there was a qualified error under MCL 211.53b(6)(d) that should have been corrected at the July Board of Review. However, the stipulation does not explain what "measurement or calculation of the physical dimensions or components of the real property" were erroneously determined by the assessor. And notably there is no claim that any property or component of the property was erroneously measured or miscalculated. The only error asserted was one of valuation, i.e., assessing the property as more valuable because it abutted a lake, and not one of mismeasurement or miscalculation.[4] Accordingly, the Tribunal properly determined that the July Board did not have jurisdiction and so pursuant to MCL 205.735a(3), the Tribunal could not exercise jurisdiction.

We have reviewed the cases relied on by petitioners but conclude that they are distinguishable. In *Mikelonis v Alabaster Twp*, 307 Mich App 606, 610; 861 NW2d 354 (2014), this Court held that the Tax Tribunal had jurisdiction to accept the parties' stipulation judgment when there had been a qualified error. In *Delta Airlines, Inc v Romulus*, unpublished per curiam opinion of the Court of Appeals, issued August 2, 2002 (Docket No. 225881), p 3,[5] this Court determined that there had been a mutual mistake of fact such that the Tax Tribunal had jurisdiction under MCL 211.53a to enter a consent judgment. And in *Half Pipe, LLC v Livingston Twp*, unpublished per curiam opinion of the Court of Appeals, issued April 25, 2017 (Docket No. 329197), pp 1-3, this Court held that the Tax Tribunal had jurisdiction to enter a consent judgment when the only jurisdictional issue was whether the appeal to the Tribunal was timely filed. The parties in the instant case have not referred us to any cases addressing whether the

---

[4] In the July 19, 2021 letter appealing the assessment to the July Board of Review, petitioners' counsel asserted that there had been an error in the assessor's categorization of the property as waterfront when it should have been calculated as an "off water lot."

[5] Unpublished decisions are not precedentially binding. MCR 7.215(C)(1). However, they may be relied on for their persuasive value. See *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 497 Mich 337, 356 n 50; 871 NW2d 136 (2015).

Tribunal has jurisdiction in the context of a failure to raise the matter before the proper Board of Review.

Affirmed.  No costs to either party.

/s/ Michael J. Kelly
/s/ Douglas B. Shapiro
/s/ Sima G. Patel