*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARY DAVIS,

        Petitioner-Appellant,

v

CITY OF DETROIT,

        Respondent-Appellee.

UNPUBLISHED
December 12, 2024
9:54 AM

No. 369160
Tax Tribunal
LC No. 22-002981

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Petitioner, Mary Davis, appeals as of right the Michigan Tax Tribunal's final opinion and judgment denying her request for a poverty exemption from her 2022 property tax obligation. Because petitioner failed to establish that her household income fell below the applicable poverty threshold, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This tax dispute stems from petitioner's request for a poverty exemption from her 2022 property tax obligation. Petitioner is a widow who owns a parcel of real property in Detroit, Michigan (the Property). Respondent, the City of Detroit, assessed the Property's 2022 assessed and taxable values at $13,800 and $8,780, respectively. The July Board of Review denied petitioner's application for a poverty exemption for her 2022 property tax obligation, finding that her household income exceeded the poverty guidelines limit.

Petitioner thereafter filed a petition in the Tax Tribunal to appeal the Board of Review's decision, arguing that her income was insufficient to pay her property taxes and maintain her household. Following a telephone hearing, the Tax Tribunal issued a proposed opinion and judgment denying petitioner's request for a poverty exemption on the ground that her household income exceeded the household income limit established by respondent. Neither party took exception to the proposed opinion and judgment. Thereafter, the Tax Tribunal adopted the proposed opinion and judgment as a final opinion and judgment. Petitioner now appeals.

## II. STANDARD OF REVIEW

"Unless there is fraud, this Court's review of Tribunal decisions is limited to determining whether the Tribunal erred in applying the law or adopted a wrong legal principle." *Butler v Detroit*, 345 Mich App 536, 541 n 2; 7 NW3d 65 (2023) (quotation marks and citation omitted). This Court will not disturb the Tribunal's factual findings "as long as they are supported by competent, material, and substantial evidence on the whole record." *Drew v Cass Co*, 299 Mich App 495, 499; 830 NW2d 832 (2013) (quotation marks and citation omitted). This Court reviews the interpretation and application of tax statutes de novo. *Power v Dep't of Treasury*, 301 Mich App 226, 230; 835 NW2d 622 (2013).

## III. THE POVERTY EXEMPTION

Petitioner argues that the Tax Tribunal erred by affirming respondent's denial of her request for a poverty exemption from her 2022 property tax obligation. We disagree.

"Tax exemptions are strictly construed in favor of the taxing authority, and the petitioner has the burden to prove, by a preponderance of the evidence, that he or she is entitled to the requested exemption." *Spranger v Warren*, 308 Mich App 477, 479; 865 NW2d 52 (2014) (quotation marks and citations omitted). The poverty exemption at issue is set forth in MCL 211.7u[1] and provides, in relevant part:

> (1) The principal residence of a person who, in the judgment of the supervisor and board of review, by reason of poverty, is unable to contribute toward the public charges is eligible for exemption in whole or in part from the collection of taxes under this act . . . .
>
> (2) To be eligible for exemption under this section, a person shall . . . do all of the following on an annual basis:
>
> * * *
>
> (e) Meet the federal poverty guidelines published in the prior calendar year in the Federal Register by the United States Department of Health and Human Services under its authority to revise the poverty line under 42 USC 9902, or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines. [MCL 211.7u.]

Pursuant to MCL 211.7u(2)(e), respondent enacted its own guidelines for granting poverty tax exemptions. Section 44-4-155(b)(1) of the Detroit Ordinances provides that a two-person

---

[1] MCL 211.7u was amended by 2023 PA 191, effective November 7, 2023. Because MCL 211.7u sets forth the criteria for eligibility for a poverty exemption, citations and references to MCL 211.7u in this opinion refer to the version in effect at the time of petitioner's application for a poverty exemption.

household is eligible for a 100% poverty exemption if the household income does not exceed 123% of the federal poverty level, a 50% exemption if the household income does not exceed 138% of the federal poverty level, or a 25% exemption if the household income does not exceed 152% of the federal poverty level. The poverty guidelines published by the United States Department of Health and Human Services for the 2021 tax year identified an annual income of $17,420 as the poverty line for a household of two in the contiguous United States. Department of Health and Human Services, *Annual Update of the HHS Poverty Guidelines*, 86 Fed Reg 7732, 7733 (February 1, 2021). Accordingly, to be entitled to a poverty exemption on her 2022 property taxes, petitioner's household income could not exceed $21,427 for a 100% exemption, $24,040 for a 50% exemption, or $26,478 for a 25% exemption.

Before December 22, 2020, MCL 211.7u allowed for deviation from the poverty income standards where there were "substantial and compelling reasons" to do so. See MCL 211.7u(5), as amended by 2020 PA 253. However, the version of the statute in effect at the time petitioner applied for the exemption does not allow for deviations under any circumstances. MCL 211.7u(5). Moreover, because the Tax Tribunal's powers are limited to those authorized by statute and do not include powers of equity, the Tax Tribunal lacked the authority to grant discretionary relief to petitioner. See *VanderWerp v Charter Twp of Plainfield*, 278 Mich App 624, 634; 752 NW2d 479 (2008).

The Tax Tribunal did not err by affirming respondent's denial of petitioner's request for a poverty exemption for her 2022 property tax obligation. In its final opinion and judgment, the Tax Tribunal found that two occupants resided in petitioner's residence: petitioner and her adult son, Richard Buck. Petitioner's annual household income for the applicable tax year was $35,832, with $26,304 from petitioner's Social Security Disability income, and $9,528 from Buck's Social Security Disability income. These findings were supported by petitioner's March 26, 2022 application for a poverty exemption, in which petitioner attested that she received $2,192 monthly in Social Security Disability benefits, and by her testimony at the hearing before the Tax Tribunal that Buck received $794 monthly in Social Security Disability income. At the hearing, petitioner testified that she received $2,102 Social Security Disability benefits each month, which is lower than the income amount stated on her application. However, even if her annual income was calculated using the $2,102 monthly income to which petitioner testified, petitioner's annual income of $25,224 combined with Buck's annual income of $9,528 exceeded the maximum income for a two-person household to receive a poverty exemption. Accordingly, the Tax Tribunal's finding that petitioner's annual income exceeded the maximum income for a two-person household to receive a whole or partial exemption from her 2022 property tax obligation was supported by competent, material, and substantial evidence. See *Drew*, 299 Mich App at 499.

On appeal, petitioner does not challenge the Tax Tribunal's findings with respect to her income. Rather, petitioner argues that she submitted the requisite paperwork to obtain a poverty exemption, she was granted the exemption in previous unspecified tax years, and respondent failed to appear for hearings before the Tax Tribunal. It is immaterial that petitioner submitted the requisite paperwork for the exemption and was granted the exemption in previous tax years, and that respondent failed to appear for hearings before the Tax Tribunal. Petitioner bore the burden of demonstrating by a preponderance of the evidence that she was entitled to a poverty exemption for her 2022 property taxes. *Spranger*, 308 Mich at 479. To be eligible for a poverty exemption, petitioner was required to demonstrate that her household income did not exceed the eligibility

guidelines set forth in Detroit Ordinance § 44-4-155(b)(1).  Petitioner did not meet this burden because the evidence presented by petitioner demonstrated that her household income exceeded the maximum household income to be eligible for a poverty exemption.  Accordingly, the Tax Tribunal did not err by affirming respondent's denial of petitioner's request for a poverty exemption.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford